[No. 10,271.]
## THE PEOPLE *v.* WILMOT MARTIN.

INDICTMENT MUST BE CERTAIN.—If an act to enable the owners of lands to take up animals found trespassing on such lands contains several provisions, and also declares that any person who shall take up animals on lands not his own for the purpose of taking advantage of any of its provisions, shall be guilty of a felony, an indictment for violating the act must state the particular provision which the person taking up the animals intended to violate.

APPEAL from the County Court of the County of Santa Barbara.

The Act of 1873–74, (Statutes of 1873–74, p. 50) entitled "An Act to protect agriculture and to prevent the trespassing of animals upon private property," declares that an owner or occupant of land or a possessory claim, who finds horses, cattle, hogs, etc., upon the same, may take up and keep such animals at the expense of the owner, and shall be allowed for keeping the same a fixed sum each day, and that upon taking up the animals the owner shall be notified immediately, if known, and if living within six miles, and that if the owner then tenders the damages he shall be entitled to the animals ; but if he does not appear, or fails to pay the damages if he does appear, or if he is unknown, or lives more than six miles from the place of taking up, suit must be commenced to recover the damages and costs of keeping, and the animals may be sold on the judgment, and the proceeds applied to pay damages, costs, etc., and the surplus, if any, must be paid into the County Treasury, for the claimant. The fees of officers are to be taxed as costs in the judgment. The act also declares that the owner or occupant of any land or possessory claim, if he fail to avail himself of the provisions thereof, may maintain an action against the owner or person having control of such animals for any damage they may do upon his land or claim ; and that each person residing on land shall be protected in one hundred and sixty acres, provided it is defined by visible monuments.

The defendant appealed. The other facts are stated in the opinion.

*R. M. Dillard* and *McNulta & Starke*, for the Appellant.

*Jo Hamilton*, Attorney-General, for the People.

By the COURT:

It is charged in the indictment that the defendants " did then and there willfully and feloniously take up and drive from the lands then and there not their own the cattle of Louis Marie, for the purpose of taking advantage of an Act of the Legislature of the State of California entitled ' An Act to protect agricul-

ture, and to prevent the trespassing of animals upon private property, in the Counties of Fresno, Tulare, Kern, Ventura, Santa Barbara, San Luis Obispo, and Monterey, approved February 4th, A. D. 1874, the land on which said Martin, Donelly, and Anthony took up said cattle being then and there in the possession and occupancy of the said Louis Marie." The defendant Martin having been found guilty as charged in the indictment, moved in arrest of judgment, on the ground, among others, that the facts stated in the indictment did not constitute a public offense.

The seventh section of the above entitled act provides that any person who " shall take up any such animal or animals on any land or possessory claim other than his own, for the purpose of taking advantage of any of the provisions of this act, shall be deemed guilty of a felony." The act contains many provisions, and it is scarcely conceivable that a person would take up animals for the purpose of " taking advantage " of all of those provisions. The substance of the offense defined in the act is the wrongful and felonious intent with which the animals are taken up, or driven away, and the indictment, therefore, should state the intent—in other words, the particular provision of the act which the person taking up the animals intended to take advantage of. In the absence of an averment to that effect, the defendant is not informed by the indictment of the offense for which he is to be tried.

Judgment reversed and cause remanded, with directions to sustain the motion in arrest of judgment.