## GUNYON *v.* THE STATE.

CRIMINAL LAW.—*Aiding Prisoner to Escape —Indictment.*—An indictment for aiding in the escape of a prisoner who was in the custody of a sheriff on a warrant issued on an indictment for a felony need not set out the

latter indictment, it being sufficient to merely set out the substance of the felony for which the prisoner was held to answer.

From the Hamilton Circuit Court.

*W. Garver* and *R. Graham*, for appellant.

*T. W. Woollen*, Attorney General, *T. B. Orr*, Prosecuting Attorney, and *E. H. Granger*, for the State.

NIBLACK, J.—This was a criminal prosecution against the appellant, Daniel Gunyon, and one Daniel Weaver, for aiding a prisoner to escape. 2 R. S. 1876, p. 448, sec. 54. Gunyon moved to quash the indictment, but his motion was overruled. The cause was then, as to the said Gunyon, separately tried by the court without a jury, resulting in finding him guilty as charged, in fixing his punishment at imprisonment in the state-prison for the term of two years, and in a judgment of conviction upon the finding.

Errors are assigned upon the refusal of the court to quash the indictment, and upon the overruling of the appellant's motion for a new trial, which was, at the proper time, interposed, but the alleged insufficiency of the indictment is the only question discussed in the argument here, the evidence not being in the record.

The indictment charged that the grand jury of Hamilton county, on the 12th day of September, 1877, returned into the Hamilton Circuit Court an indictment against one Amos Bolander, charging him, the said Bolander, with taking, stealing and carrying away, on the 8th day of June, 1877, at said County of Hamilton and the State of Indiana, one hundred and fifty-six pounds of wool, of the value of forty-six dollars and eighty cents, and eighteen sheep-pelts, of the value of nine dollars, all the personal property of one Charles Moffitt; that, on the 21st day of January, 1879, Joseph R. Gray, the clerk of the said Hamilton Circuit Court, issued a warrant, duly sealed and attested, directed to and commanding the sheriff

Gunyon *v.* The State.

of said county of Hamilton, to arrest the said Bolander forthwith, and to hold him to bail in the sum of five hundred dollars, to answer said indictment, and for the want of bail commit him to the jail of said county until legally discharged, and that afterward, to wit, on the same day, the said warrant was delivered to Andrew J. Fryberger, then sheriff of said county, to be executed according to law, the indictment and warrant against the said Bolander, above referred to, both being set out at length in the indictment in this cause.

The indictment before us then proceeded :

"And that afterward, to wit, on January 21st, 1879, at said county, said sheriff, by virtue of said warrant, duly arrested and took into custody the body of the said Amos Bolander, named in said warrant, and him, the said Amos Bolander, then and there, in default of bail, then and there committed to [the] jail of said county of Hamilton, the same being the proper place of confinement in such cases made and provided, and the said Amos Bolander being then and there legally committed to said jail, and by the indictment filed in the Hamilton Circuit Court, as heretofore stated, duly charged with the commission of a felony, and that afterward, to wit, on the 28th day of February, A. D. 1879, at said county of Hamilton and State of Indiana, Daniel Gunyon and Daniel Weaver, late of said county and State, did then and there, unlawfully and feloniously, convey and cause to be conveyed, into the jail of Hamilton county, Indiana, one steel saw, one file and divers other instruments and tools to the grand jury unknown, said saw, file and other instruments and tools to said grand jury unknown being proper instruments wherewith to aid in accomplishing the escape of said Amos Bolander, with the intent then and there and thereby to aid and accomplish the escape of the said Amos Bolander, and did then and thereby aid in and accomplish the escape of said Amos.

Bolander from the jail of said county of Hamilton, said Amos Bolander being then and there confined in said jail and in the custody of Andrew J. Fryberger, sheriff of Hamilton county, Indiana, and the officer who was then and there charged with the custody and safe-keeping of said Amos Bolander, said Amos Bolander being then and there in the custody of said officer, charged with the commission of said crime and felony."

Then followed a substantial description and repetition of the crime with which the said Bolander was charged, concluding with the averment, that " the said Daniel Gunyon and Daniel Weaver not then and there being the officer charged with the custody and safe-keeping of said Amos Bolander."

Section 54, *supra*, of the act defining felonies, is as follows :

"If any other person than the officer who has the custody of any prisoner, charged with, or convicted of a felony, shall aid, or accomplish the escape of any such prissoner, on conviction thereof, shall be imprisoned in the State's prison, not more than twenty-one nor less than two years."

It is objected, that the indictment against Bolander, set out in the indictment in this case as above stated, was defective and did not contain any sufficient charge of larceny against the said Bolander, and that it was, hence, affirmatively shown in the indictment before us, that Bolander was not legally in custody upon a charge of felony ; that, as Bolander was not legally in custody, Gunyon and Weaver were not guilty of any offence in aiding him to escape.

That position can not, however, be maintained. The indictment against Gunyon and Weaver showed substantially, that Bolander was in the common jail of the county, that is, in the custody of the sheriff, " charged with "

grand larceny. That, in our estimation, was quite sufficient.

Whether the indictment against Bolander was a good indictment, was a question for the court before which it was pending to decide, and, if it had been adjudged to be a bad indictment, it would have been the duty of such court to have discharged Bolander without any extrinsic aid from either Gunyon or Weaver. It is, therefore, now wholly immaterial for us to enquire whether the indictment against Bolander sufficiently charged him with a felony or not.

According to the precedents, the indictment against Bolander need not have been set out at length, as was done in this case. It would have been sufficient to have stated the substance merely of the charge against him. While there was some surplusage in the indictment against the appellant, we are unable to see any material omission in it, and must hence hold that the court below did not err in overruling the motion to quash it.

The judgment is affirmed, at the costs of the appellant.