[Crim. No. 197. Second Appellate District.—December 29, 1911.]

## THE PEOPLE, Respondent, v. FRANK PIERRO, Appellant.

CRIMINAL LAW—CONTRIBUTING TO DEPENDENCY OF MINOR UNDER JUVENILE COURT LAW—PLEADING AND PROOF.—Under the terms of the juvenile court law of 1909, before a defendant can be convicted of a misdemeanor for contributing to the dependency of a minor under the age of eighteen years, the fact that such minor has become a dependent thereunder, in one of the modes therein provided, or that there has been an adjudication of such dependency, must be distinctly alleged and proved.

ID.—CHARGE OF CONTRIBUTING TO DEPENDENCY OF FEMALE MINOR—GENERAL ALLEGATION OF DELINQUENCY—INSUFFICIENT INFORMATION.—Where the defendant was charged with contributing to the dependency of a minor female child under the age of eighteen years, named in the information, the general allegation that such female child "was then and there a dependent child—within the meaning of that certain act of the legislature," referring to the title of the juvenile court law of 1909, is insufficient to inform defendant of the particulars of the charge which he is called upon to meet, and his demurrer to the information should have been sustained.

ID.—GROUND OF INSUFFICIENCY OF INFORMATION—CERTAINTY REQUIRED. Merely charging that the child was a delinquent within the meaning of the juvenile court law, when the statute enumerates many and different acts by reason of which a child may become a delinquent, cannot be said to satisfy the requirement of section 952 of the Penal Code, which provides that an indictment or information "must be direct and certain, as it regards, . . . 3. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

Id.—Facts Required to Make Information Sufficient—Lack of Allegation not Supplied by Acts of Defendant.—If the child against whom the offense of contributing to its delinquency is alleged to have been committed had been adjudicated to be a dependent child, it would have been sufficient to plead such adjudication; but when no legal adjudication is relied upon, the facts which constitute the child a dependent must be particularly stated. The lack of such necessary facts in the pleading cannot be supplied by statements in the information as to acts and things which the defendant is alleged to have done with the female child described in the information.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. W. R. Guy, Judge.

The facts are stated in the opinion of the court.

L. E. Dadmun, for Appellant.

U. S. Webb, Attorney General, George Beebe, Deputy Attorney General, and H. S. Utley, District Attorney of San Diego County, and L. J. Utt, Assistant District Attorney, *Amici Curiae,* for Respondent.

JAMES, J.—Defendant was prosecuted under the provisions of the juvenile court law of 1909 for having committed acts of a lewd and lascivious character with an alleged dependent child named Valita Rhinehart. Otherwise expressed, the offense of contributing to the dependency of a minor under the age of eighteen years was the crime intended to be charged by the information. The appeal is taken from a judgment of imprisonment, and from an order made by the trial court denying defendant's motion for a new trial.

The act of the legislature referred to defines a dependent child to be one who is found committing, or who engages in the performance of, a variety of acts, all of which are specified in some fifteen subdivisions of the first section of the law. A child of the character therein described, or who does any of the different acts enumerated in either or any of such subdivisions, is declared to be dependent. By section 26 of the act it is then provided that "in all cases where any child shall be dependent or delinquent under the terms of this act, the

parent or parents, legal guardian or person having custody of such child, or any other person who shall, by any act or omission, encourage, cause or contribute to the dependency or delinquency of such child shall be guilty of a misdemeanor.'' Under the terms of the statute, then, it is essential that before a person can be convicted of contributing to the dependency of a child, the fact that such child has become a dependent must be alleged and proved. The condition of the child as having become impressed with the character of a dependent is an indispensable prerequisite to the maintenance of a charge like the one made against the defendant in this case. The district attorney appreciated this requirement of the law and alleged in his information ''that on or about the thirty-first day of November, 1910, at and in the county of San Diego, one Valita Rhinehart was a minor female child under the age of eighteen years, and was then and there a dependent child within the meaning of that certain act of the legislature of said state entitled, 'An Act concerning dependent and delinquent minor children; providing for their care, custody and maintenance'; approved March 8, 1909.'' Allegations then followed in which were enumerated the various acts alleged to have been committed by defendant with and in the presence of the child. The defendant, by demurrer, objected to the sufficiency of this information on the ground that the particular acts or conduct chargeable against Valita Rhinehart by reason of which the child became a delinquent were not set out in the information, and that therefore defendant was not informed of the particulars of the charge he was called upon to meet. In our opinion, there was merit in this objection and the demurrer to the information should have been sustained. The child, if dependent, may have become a vagrant, or a beggar; she may have become incorrigible or destitute; she may have frequented the company of criminals, or become an inmate of a house of prostitution; or deported herself in many other ways by reason of which the character of a dependent child may have become affixed to her within the meaning of the juvenile court law. Defendant was entitled to have the information show the particulars in this regard, for he was called upon to meet the issue, first, as to whether the child had in fact become a delinquent. If she had not, the charge of contributing to

the cause of such delinquency of the child, or its continuance, could not be made out against him. Merely charging that the child was a delinquent within the meaning of the juvenile court law, as the district attorney did charge, when the statute enumerates many and different acts by reason of which a child may become a delinquent, cannot be said to satisfy the requirement of section 952, Penal Code, which provides that an indictment or information must be direct and certain, as it regards, "3. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense." (*People* v. *Martin,* 52 Cal. 201.)

Had the child against whom the offense is alleged to have been committed been adjudicated to be a dependent child, then it would have been sufficient to plead such adjudication; but when no adjudication is relied upon as showing a legal determination made of the character of the minor, the facts which make such minor a dependent must be pleaded in the information. It cannot be said in this case that, by reason of the commission of the several acts which it is alleged the defendant committed with and toward Valita Rhinehart, she became a dependent child. She may have been an unwilling and unresponsive victim in the hands of defendant, and her moral perception or character may not in such case have been warped, distorted, or affected injuriously by his conduct. The lack, therefore, of sufficient allegation as to facts showing the child to have been a dependent is not remedied or supplied in the later statements contained in the information of acts and things which defendant is alleged to have done. We are cited to two decisions by respondent as authority in opposition to defendant's contention that the information is insufficient. (*State* v. *Addcock,* 65 Mo. 590; *Gunyon* v. *State,* 68 Ind. 79.) These cases to our minds are not in point. They each deal with charges of aiding or attempting to aid prisoners to escape from jail, and it was there held that under the statutes then being considered it was not necessary to allege facts showing the particular offense which such prisoners were charged with having committed; the crime was held to be properly charged when it was alleged that the prisoners, in one case, had been lawfully committed, and, in the other, that such prisoners had been charged with or convicted of a felony. Under the terms of the statutes of

Missouri and Indiana, it very plainly appeared that the matter of the particular felony with which a prisoner may have been charged, or the facts upon which it was founded, were wholly immaterial. The case of *State* v. *Dunn,* 53 Or. 304, [99 Pac. 278, 100 Pac. 258], is cited also as an authority to the same point, and to this citation must be made the same answer, that the supreme court of Oregon was there considering and applying a statute wholly different in those essentials which are material to this case. The act construed in *State* v. *Dunn,* 53 Or. 304, [99 Pac. 278, 100 Pac. 258], was one designed for the protection of minors; its purpose was similar, if not identical, with the juvenile court law of California, but its scope was greater. By express terms of the Oregon statute, it was made an offense for a person to commit any act which, quoting, "manifestly tends to cause any child to become a delinquent child." Naturally and necessarily where it is made an offense for a person to commit any act of the kind described in the sentence quoted, the question as to whether the child becomes a dependent child is immaterial. Under the California statute the child must become a dependent person within some of the specific definitions given in the statute before the offender who contributes to cause that dependency can be prosecuted.

Numerous other errors of law are assigned by appellant and because of which it is claimed a reversal of the judgment and order should follow. The question that has been discussed in this opinion goes to the foundation of the case and renders it unnecessary to consider any of the additional points made.

The judgment and order are reversed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 26, 1912.