[Civ. No. 968.   Third Appellate District.—April 23, 1912.]

G. A. EDINGTON, Petitioner, v. SUPERIOR COURT OF YOLO COUNTY, Respondent; N. A. HAWKINS, Judge.

CRIMINAL LAW—SUFFICIENCY OF INFORMATION—CONTRIBUTING TO DE-LINQUENCY OF DEPENDENT FEMALE CHILD.—An information charging that the defendant contributed to the delinquency of a dependent female child of the age of about sixteen years, which alleges that she was "then and there a female dependent minor child in this, that 'she' had no parents or guardians willing and capable of exercising proper mental control over" her, and that "her home" was and is, by reason of neglect on the part of her guardian, an unfit place for "her," and that "she was in danger of growing up to lead an idle, dissolute and immoral life," states facts from which the conclusion necessarily follows, under the juvenile court law (Stats. 1911, p. 626), that the female child was a "dependent per-

son." It need not state that she was adjudged to be such, unless an adjudication is relied upon; otherwise the facts must be stated.

Id.—Mode of Prosecution of Offense.—Though the juvenile court law contemplates an information without any preliminary examination, a preliminary examination prior to an information filed thereunder by the district attorney may be treated as surplusage. It is sufficient that the superior court exercising the functions of a juvenile court has jurisdiction over the offense. If it be admitted that the prosecution should be entitled in the juvenile court, instead of in the superior court, the failure to do so is a mere irregularity not affecting the jurisdiction of the court. It is sufficient that it shows a prosecution under the juvenile court law.

Id.—Refusal of Writ of Prohibition.—A writ of prohibition will not be granted to restrain the superior court from trying an offense under the juvenile court law, under an information filed by the district attorney after a preliminary examination before a magistrate.

APPLICATION for writ of prohibition to the Superior Court of Yolo County. N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

R. Clark, for Petitioner.

A. G. Bailey, District Attorney, for Respondent.

BURNETT, J.—This is an application for a writ of prohibition to restrain the superior court of Yolo county and Honorable N. A. Hawkins, the judge thereof, from trying petitioner on a charge of "causing, encouraging and contributing to the delinquency of a dependent and delinquent child." A preliminary examination of the charge was held in the justice court of Woodland township in said county and the defendant was held to answer to the superior court. Therein an information was afterward filed by the district attorney and a motion to set it aside and a demurrer were interposed by defendant. In both these matters the ruling of the court was in favor of the people and the case was set down for trial; hence this application.

There are two points made by petitioner that we deem worthy of consideration. The first is that the information is totally insufficient as a basis for the prosecution, in that it does not appear therein that the complaining witness had

been previously adjudged a dependent child. The prosecution, it may be said, is under section 26 of what is known as the juvenile court law (Stats. 1911, p. 672), providing that "In all cases where any child shall be dependent or delinquent under the terms of this act, the parent or parents, legal guardian or person having the custody of such person or any other person who shall, by any act or omission, encourage, cause or contribute to the dependency or delinquency of such person, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by fine not exceeding one thousand dollars, or imprisonment in the county jail for not more than one year or both such fine and imprisonment and the juvenile court shall have jurisdiction of all such misdemeanors." Section 1 of said act defines "a dependent person," and therein is found a catalogue of sixteen different conditions according to which a person may be classified as "dependent." As far as is necessary to quote herein, the said section provides that "The words 'dependent person' shall mean any person under the age of twenty-one years . . . 5. Who has no parent or guardian; or who has no parent or guardian willing to exercise or capable of exercising proper parental control . . . or 16. Who from any cause is in danger of growing up to lead an idle, dissolute, or immoral life." Turning to the information herein, we find the allegation in reference to the complaining witness that, at the time the offense was committed, she being "then and there a female child, under the age of eighteen years, to wit, of the age of sixteen years or thereabouts, was then and there a female dependent minor child in this, that the said Hazel Douglass had no parents or guardians, willing and capable of exercising proper parental control over the said Hazel Douglass, and that the home of said Hazel Douglass was and is, by reason of neglect on the part of her guardian, an unfit place for the said Hazel Douglass and that the said Hazel Douglass was and is in danger of growing up to lead an idle, dissolute and immoral life." It is thus to be seen that from the facts alleged the conclusion necessarily follows, under the definition given by the said statute, that the said Hazel Douglass was a "dependent person." We have found nothing in the law which requires that her status as such should be adjudicated prior to the prosecution of another person for contributing to her dependency,

and we see no reason why, if properly alleged, the facts bringing her within said class may not be established at the trial of the defendant as other facts are shown tending to prove the charge. The principle would be the same if the defendant were accused of a crime against a minor or insane person. In such case no prior adjudication of the minority or insanity would be required, but, of course, the burden would be on the prosecution to establish this as other material averments of the crime. This view is entirely consistent with and is supported by the decision in *People* v. *Pierro*, 17 Cal. App. 741, [121 Pac. 689]. In that case the information was fatally defective, for the reason that facts were not alleged bringing the child within the definition of a "dependent," the district attorney contenting himself with the averment that she "was a minor female child under the age of eighteen years, and was then and there a dependent child within the meaning of that certain act," etc. The second district court of appeal very properly held, as stated by Mr. Justice James, that "Defendant was entitled to have the information show the particulars in this regard, for he was called upon to meet the issue, first, as to whether the child had in fact become a delinquent. . . . Had the child against whom the offense is alleged to have been committed been adjudicated to be a dependent child, then it would have been sufficient to plead such adjudication; but when no adjudication is relied upon as showing a legal determination made of the character of the minor, the facts which make such minor a dependent must be pleaded in the information."

The other contention of petitioner is that the said juvenile court law contemplates that no preliminary examination shall be held, but that the defendant must be "prosecuted on a complaint filed in the juvenile court charging him with the misdemeanor mentioned in the act and trying him for such misdemeanor in the juvenile court, without any examination or the filing of any information." In addition to the clause already quoted as to the jurisdiction of said court, attention is called to the amendment to section 682 of the Penal Code, approved February 21, 1911 (Stats. 1911, p. 68), providing that "Every public offense must be prosecuted by indictment or information, except . . . 4. All misdemeanors of which jurisdiction has been conferred upon superior courts sitting

as juvenile courts." The word "information" in this amendment is obviously used in a technical sense and refers to the accusation filed after a preliminary examination. It is admitted by petitioner that no procedure is provided in said juvenile act for the prosecution of defendant for the crime charged, but it is contended that "Where power is given a court to do a thing, that it may adopt any lawful method to carry that power into effect, and that when no method is provided by law, it can adopt any suitable method." This is in accordance with the provision of section 187 of the Code of Civil Procedure that "When jurisdiction is, by the constitution or this code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code." But, as we view it, this concession yields the point as far as this application is concerned. It may be admitted that the preliminary examination was not required and it may be treated as a nullity, but we still have this situation: The superior court has jurisdiction to try the offense charged. The said "juvenile court law" is declared in its title to be an act providing, among other things, "for the punishment of persons responsible for, or contributing to, the dependency or delinquency of children, and giving to the superior court jurisdiction of such offenses." It is true that the court is known as the "juvenile court," but it is unquestionably the superior court, exercising jurisdiction over a peculiar class of offenses. There is, furthermore, no question that the defendant is charged in apt language with an offense defined in said law and within the jurisdiction of said court. The only objection of any moment is to the form of procedure, but there is nothing in the statute, confessedly, to preclude the district attorney from making the technical accusation against the defendant in the form of an information. It contains every element of a sufficient complaint; by his signature the prosecuting officer of the court has given it his sanction and the defendant's right to a fair trial has not been impaired. It is not verified, but verification is required only of the complaint filed in a justice or police court.

(Pen. Code, sec. 1426.)    If it be admitted that the prosecution should be entitled in the "Juvenile Court" instead of the "Superior Court," it is sufficient to say that this is a mere irregularity, and does not affect the jurisdiction of the court. It does, however, appear in the information, as we have already suggested, that the prosecution is undertaken in the superior court acting under the provisions of said juvenile court law and as contemplated by its terms.

We think it cannot be said that there is shown to be such lack of authority in the court to try the cause as to justify the issuance of the writ.    We need not, therefore, consider the question whether there is a plain, speedy and adequate remedy by appeal.

The order to show cause is discharged and the writ denied.

Chipman, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 23, 1912, and the following opinion then rendered thereon:

THE COURT.—We have carefully examined the points made in the petition for a rehearing of this matter but find no reason for changing our views expressed in the opinion filed herein on April 23, 1912.    The rehearing is therefore denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 22, 1912.