[Civ. No. 1194.   Second Appellate District.—July 23, 1912.]

## JOHN D. GARDNER and EDITH SIMPSON, Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, and CURTIS D. WILBUR, Judge, Respondents.

JUVENILE COURT ACT—DEFINITION OF MISDEMEANOR—MODE OF TRIAL—JURISDICTION.—The superior court, sitting as a juvenile court, has no jurisdiction to try a person charged with the misdemeanor arising under section 26 of the juvenile court act, merely upon a verified complaint filed in the superior court, but the prosecution thereof must be, as prescribed by section 888 of the Penal Code, either by indictment or by information filed, after a preliminary examination and commitment to the superior court, as a prerequisite thereto, as provided in sections 858 and 883 of the Penal Code.

ID.—UNCONSTITUTIONALITY OF EXCEPTION AS TO MISDEMEANORS UNDER JUVENILE COURT ACT—SPECIAL LEGISLATION.—The exception made in subdivision 4 of section 682 of the Penal Code, of "all misdemeanors of which jurisdiction has been conferred upon superior courts sitting as juvenile courts," cannot be construed as authorizing the prosecution and trial thereof in the superior court upon a verified complaint filed in the superior court, as such interpretation would render it repugnant to subdivision 3 of section 25 of article IV of the constitution, prohibiting the legislature from passing special laws, "regulating the practice in courts of justice," or "where a general law can be made applicable," which applicability appears in the general provisions of section 888 of the Penal Code, regulating the trials of all misdemeanors vested in the superior court.

ID.—PROHIBITION—WANT OF JURISDICTION INSUFFICIENT—REMEDY BY APPEAL.—The writ of prohibition will not lie merely on the ground of want of jurisdiction in the superior court, where there is an adequate remedy by appeal from an adverse judgment of the superior court.

APPLICATION for writ of prohibition to the Superior Court of Los Angeles County.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Charles S. McKelvey, for Petitioners.

J. D. Fredericks, District Attorney, and H. S. G. McCartney, Deputy District Attorney, for Respondents.

SHAW, J.—This is an application for a writ of prohibition to prevent the superior court, sitting as a juvenile court of

Los Angeles county, from proceeding further in the trial of an action wherein the people of the state constitute the plaintiff and the petitioners are defendants. The action was instituted by filing a verified complaint in said court charging petitioners with the commission of the misdemeanor defined by section 26 of the juvenile court act (Stats. 1911, p. 672). The right to the writ is based upon the claim that the verified complaint filed in the superior court was insufficient to give the court jurisdiction to try petitioners for the offense charged therein.

Section 26 of the juvenile court act, which defines the misdemeanor in question, provides that "the juvenile court shall have jurisdiction of all such misdemeanors." Section 682 of the Penal Code provides: "Every public offense must be prosecuted by indictment or information, except: 1. Where proceedings are had for the removal of civil officers of the state. 2. Offenses arising in the militia when in actual service, and in the land and naval forces in time of war, or which the state may keep, with the consent of Congress, in time of peace. 3. Offenses tried in justices and police courts. 4. All misdemeanors of which jurisdiction has been conferred upon superior courts sitting as juvenile courts." Subdivision 4 was added by the amendment of 1911. It is under and by virtue of this last subdivision of section 682 that respondents claim the right to prosecute the petitioners upon the complaint filed in the superior court. Petitioners, however, contend that the exception provided by subdivision 4 is unconstitutional, in that it is repugnant to subdivisions 3 and 33 of section 25, article IV of the constitution, which provide: "The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: . . . Third. Regulating the practice of courts of justice. . . . Thirty-third. In all other cases where a general law can be made applicable." While section 682 provides that every public offense, except those enumerated in subdivisions 1, 2, 3 and 4, must be prosecuted by indictment or information, it does not make, or purport to make, any provision for the prosecution of cases falling within the enumerated exceptions. The section is permissive in declaring that such prosecutions need not be by indictment or information, but it does not in terms forbid the same, or define any other mode of practice for the cases so excepted.

Other sections of the code, however, prescribe the pleadings and procedure to be followed in cases classed as 1, 2 and 3, but nothing in the juvenile act, nor in the Penal Code, other than section 888 thereof, purports to provide a procedure for the prosecution of the misdemeanor with which petitioners are charged.    While section 1426 of the Penal Code authorizes the prosecution of misdemeanors in justices' courts upon a verified complaint, we find no like provision which in terms authorizes a prosecution in the superior court upon such pleading.    Hence, it follows that if it cannot be prosecuted by indictment or information, as provided by section 888, the law in terms makes no provision for the trial of such cases.    Assuming that section 187 of the Code of Civil Procedure applies, which application may be doubted under section 31 of the Code of Civil Procedure, nevertheless the provision therein that a court vested with jurisdiction to try a case may adopt any suitable mode therefor conformable to the spirit of the code is limited to those cases where no course of procedure is pointed out by the code or some statute.    Section 888 specifically points out and designates a complete mode of procedure.    It expressly provides that "All public offenses triable in the superior courts must be prosecuted by indictment or information, except as provided in the next section," which next section refers to accusations filed in the superior court for the removal of officers in accordance with sections 758 and 759, Penal Code.

In our opinion, subdivision 4 of section 682 cannot be construed as authorizing the prosecution and trial of petitioners on a verified complaint filed in the superior court.    Moreover, such interpretation given the section would, in our judgment, render it repugnant to subdivision 3 of section 25, article IV of the constitution, prohibiting the legislature from passing special laws "regulating the practice of courts of justice," as well as render it obnoxious to subdivision 33 of said section which prohibits the passage of a special law "where a general law can be made applicable."    Not only does a general law exist (section 888) which is applicable to the prosecution of all misdemeanors, jurisdiction of which is vested in the superior courts, but the provision accepting the interpretation of subdivision 4, section 682, as construed by respondents to authorize a prosecution of misdemeanors arising under section

26 of the juvenile act by complaint, is an attempt to provide and apply to such cases a special and different procedure than that prescribed by general law for the prosecution of like misdemeanors triable in the superior court. In the present case there is no conceivable reason why the prosecution of the misdemeanor in question should not be subject to the general rules in regard to pleadings and procedure made applicable to all misdemeanors triable in the superior court. (*City of Tulare* v. *Hevren,* 126 Cal. 226, [58 Pac. 530], and cases cited.) In the case of *Edgington* v. *Superior Court,* 18 Cal. App. 739, [124 Pac. 450], the petitioner was charged with a like misdemeanor as that here involved, and prosecuted under an information filed after a preliminary examination was accorded him. He asked for a writ of prohibition upon the ground that the filing of the information was insufficient to give the court jurisdiction to try the case, claiming that the action should be commenced by the filing of a verified complaint. The court denied the writ, and, for reasons other than those which appeal to us, held that the filing of the information was sufficient to vest the court with jurisdiction to try the case. In the *Mills Sing Case,* 13 Cal. App. 740, [110 Pac. 694], this court said: "The juvenile act making the offense under consideration triable in the superior court, section 888 of the Penal Code applies, which provides that all public offenses triable in the superior court must be prosecuted by indictment or information, except as to accusations for the removal of certain officers. Section 809 of the Penal Code directs the filing of an information after commitment by a magistrate, and section 950 of the Penal Code specifies what such information must contain. It follows, therefore, that the preliminary examination and commitment are precedent conditions to the information upon which, and upon which only, can the superior court proceed to try one charged with a public offense, even though it be a misdemeanor." In our judgment, the verified complaint filed in the superior court is insufficient to give the court jurisdiction to try petitioners for the offense charged. The prosecution in such case must, as required by section 888 of the Penal Code, if not by indictment, be conducted under an information, as a prerequisite to the issuance of which the accused is entitled (Const., sec. 8, art. I) to a preliminary examination and commitment, provision

for which is made in sections 858 and 883 of the Penal Code, and which is applicable alike to the misdemeanor with which petitioners are charged, as well as to all others, jurisdiction to try which is vested in the superior court.

. The writ of prohibition, however, will not issue for want of jurisdiction alone. It must be made to appear that the petitioner applying therefor is without any "plain, speedy and adequate remedy in the ordinary course of law." (Code Civ. Proc., sec. 1103.) Conceding, therefore, that a trial of petitioners, if had upon the verified complaint filed in the superior court, would be in excess of the court's jurisdiction, it does not follow that they would be entitled to the writ prayed for. They would have an adequate remedy by appeal from any adverse judgment rendered against them. This being true, the want of jurisdiction, in the absence of facts or circumstances showing the inadequacy of the remedy by appeal (*Ophir Silver Min. Co.* v. *Superior Court,* 147 Cal. 478, [82 Pac. 70] ; *Craycroft* v. *Superior Court,* 18 Cal. App. 781, [124 Pac. 1042]), does not entitle them to the writ. (*Lindley* v. *Superior Court,* 141 Cal. 220, [74 Pac. 765].)

The writ is, therefore, denied.

Allen, P. J., and James, J., concurred.