[Civ. No. 989. Third Appellate District.—October 15, 1912.]

## JEANIE HAMILTON, Respondent, v. SAMUEL HAMILTON, Appellant.

DIVORCE—DEFAULT—DEFECTS IN AFFIDAVIT OF SERVICE—PROPER FILING—INTERLOCUTORY JUDGMENT—MOTION TO VACATE—ADMISSION OF SERVICE—GROUNDS OF MOTION NOT SUSTAINED—DEFECTS WAIVED. In an action for divorce, where the summons was served August 27, the date of filing the complaint, and the proof of the service of the summons, which is essential to sustain a default, bore date September 27, owing to a probable mistake of the notary, but it appears that such proof was on file September 8, when the default of the defendant was entered, and the proofs of the plaintiff were heard, and an interlocutory judgment granted, which recited the service of summons and the entry of the defendant's default, and the defendant moved the court to vacate the judgment, on the grounds of mistake, inadvertance, surprise, and excusable neglect and admitted in his motion that he was served with summons on August 27, he

thereby admitted that the summons had served its purpose, and where the grounds of his motion failed, he is in no position to object to any defects in the affidavit of the service of summons.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to vacate an interlocutory judgment in an action for divorce. George H. Cabannis, Judge.

The facts are stated in the opinion of the court.

Henry N. Beatty, and Thomas E. Curran, for Appellant.

E. D. Knight, for Respondent.

CHIPMAN, P. J.—This is an appeal from an order made in the minutes of the court of March 10, 1911, "denying defendant's motion to set aside and vacate the default judgment made and entered against defendant herein on the 13th day of September, 1910, and permitting defendant to appear and answer, and from the whole thereof." The only judgment found in the transcript appears to have been entered and filed on September 8, 1910.

It appears that plaintiff brought her action against defendant for divorce on the ground of extreme cruelty. The complaint was filed August 27, 1910, and duly served on the same day, and, on September 8, 1910, the interlocutory decree of divorce was duly made and entered, reciting, among other things, that on said last mentioned day the cause came on regularly for trial, "upon plaintiff's complaint herein taken as confessed by the defendant, whose default for not answering had been duly entered, and upon proof taken herein from which it appears that all the allegations of the complaint are true . . . and that said defendant was duly and regularly served, at San Francisco, California, with the summons issued in the action," etc.

The grounds of the motion as therein stated were—"that said default and said judgment were entered herein against defendant by mistake, inadvertence, surprise and excusable neglect of defendant." The points urged are: 1. That the court erred, under the showing made, in not making an order vacating the default judgment. 2. That the court had no jurisdiction to enter default and judgment. Upon the first point appellant relies on the facts alleged in his affidavit,

used in support of the motion, to the effect that at the time he was served with summons he was led to believe, from what was then told him by the persons present, including his wife and her attorney, that he had thirty days in which to answer or appear; that he was called away to a neighboring state and returned on September 10th, within the thirty days, and then for the first time learned that the case had been tried and an interlocutory decree entered against him; that he was unable to communicate with the attorney he had intended employing until October 4, and when he met him the advice given by his attorney was "not satisfactory," and later he employed his present attorney who, on December 16, 1910, made the motion. Suffice it to say that counter affidavits of the persons said to have been present when the summons was served, contradicted defendant in the material statements made by him.

As to the second proposition, appellant's contention is "that at the time of entering default judgment, to wit, September 8, 1910, there was no proof of service of summons on appellant, and the court had no jurisdiction. The only proof of service before the court, on September 8, 1910, was an affidavit of service subscribed and sworn to September 27, 1910, nineteen days after the entry of default and judgment. There must be an affidavit of service of summons." Citing section 410 of the Code of Civil Procedure; *Lyons* v. *Cunningham,* 66 Cal. 43, [4 Pac. 938] ; *Barney* v. *Vigoreaux,* 75 Cal. 377, [17 Pac. 433].

The jurat to the affidavit of service is dated September 27, 1910, and the document is marked "filed Sep. 8, 1910." The decree recites that "default for not answering had been duly entered." The certificate of the clerk, attached to the complaint, shows that default was "duly entered herein according to law. In open court. Attest this 8th day of September, 1910." So far as can be seen from the record before us, the evidence of service of summons, the certificate of the clerk to the default and all the papers were before the court on September 8, 1910, when it entered the decree. No suggestion is made that any change has been made in any of the dates or that any of the documents have been tampered with. The service of summons was made on August 27th, and it is altogether probable that the affidavit of service was made on

that day and not on September 27th, as shown by the jurat, and that the mistake was made by the notary. The court had this affidavit before it, and defendant states, in his testimony given on the motion, that he was served with summons on August 27th. Appellant says ''This mistake in the affidavit of service may be considered trivial, but it is submitted that where one party secures a legal advantage over another and in that proceeding makes a mistake, the law ought not to protect the party making the mistake.'' It is true that where the only evidence before the court that summons was served is the affidavit of the person making the service the affidavit must show the facts required by the statute, and, of course, must have been sworn to before being used by the court as evidence of service. (*Lyon* v. *Cunningham*, 66 Cal. 43, [4 Pac. 936].) The affidavit being the only evidence of service, the court acquires no jurisdiction unless it is made as required by law. If, however, the summons was in fact duly and regularly served, and defendant admits the fact in his application to vacate the default, it seems to us that he is in no position to object to defects in the affidavit. By his own admission the summons has served its purpose. He has failed to support his alleged grounds for the motion, which were ''mistake, inadvertence, surprise and excusable neglect.''

The order is affirmed.

Hart, J., and Burnett, J., concurred.