[Crim. No. 228.   Third Appellate District.—March 17, 1914.]

THE PEOPLE, Respondent, v. GEORGE BUDD, Appellant.

CRIMINAL LAW—JUVENILE COURT PRACTICE—NECESSITY OF INDICTMENT OR INFORMATION.—The prosecution, in the superior court sitting as a juvenile court, of a person charged with causing and contributing to the dependency. of a female under the age of twenty-one years, must either be by indictment, or by information after a preliminary examination of the charge before and commitment by a magistrate; such prosecution cannot be simply by a verified complaint filed in the superior court.

ID.—VERIFIED COMPLAINT—INSUFFICIENCY TO CONFER JURISDICTION.— Section 682 of the Penal Code, subdivision 4, cannot be construed as authorizing the prosecution and trial of such offenses on a verified complaint filed in the superior court; to give such interpretation to that section would render it repugnant to subdivision 3 of section 25, article .IV of the constitution, prohibiting the legislature from passing special laws regulating the practice of courts of justice, as well as render it obnoxious to subdivision 33 of such section prohibiting the passage of a special law where a general law can be made applicable.

ID.—SUPERIOR COURT—STATUS UNDER JUVENILE COURT LAW.—The legislature, by the Juvenile Court Law, does not pretend to set up a new court, or one distinct from that of the superior court; the act merely confers upon the superior courts jurisdiction of certain offenses created thereby.

ID.—PROSECUTION OF MISDEMEANORS IN SUPERIOR COURT—POWER OF
LEGISLATURE TO PRESCRIBE PROCEDURE.—While it is true that it is
within the constitutional power of the legislature to confer upon
the police or justice's court the jurisdiction to try high grade, or
what is commonly termed indictable, misdemeanors, in which case
undoubtedly the procedure peculiar to those courts would be appro-
priate, nowhere has it ever been held that, where jurisdiction is con-
ferred upon the superior courts of a class of misdemeanors, the
legislature may adopt for the prosecution of such cases a pro-
cedure materially different from that prescribed by the constitution
and the statute for the prosecution of criminal cases in such courts.

APPEAL from a judgment of the Superior Court of San
Joaquin County and from an order refusing a new trial.
Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

R. Platnauer, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Dep-
uty Attorney-General, for Respondent.

THE COURT.—The defendant was convicted, under the
provisions of section 26 of the statute of 1911, designated and
known as the "Juvenile Court Law" (Stats. 1911, pp. 658–
672), of the crime of "encouraging, causing and contributing
to the dependency" of one Mamie Gianniattasio, a female
person, under the age of 21 years.

This appeal is brought to this court by the defendant from
the judgment and the order denying his motion for a new
trial.

The document charging the offense for which the defend-
ant was prosecuted and of which he was adjudged guilty is
an ordinary complaint or deposition, verified before the county
clerk and not subscribed to by the district attorney.

At the time fixed for his arraignment, the defendant de-
murred to said complaint upon both general and special
grounds, and at the same time moved to set aside said com-
plaint upon the grounds: 1. That before the filing thereof the
defendant had not been legally committed by a magistrate.
2. That said complaint is not subscribed by the district attor-
ney of the county.

24 Cal. App.—12

The court overruled the demurrer and denied the motion to set aside the complaint.

The first point made of the several upon which the defendant relies for a reversal is that raised by the motion to set aside the complaint, viz.: That, prior to the time of the filing of that document, he had not been legally committed by a magistrate for the offense of which he is therein accused and that, therefore, the court could not and did not acquire jurisdiction to try him for said crime.

In the case of *Gardner* v. *Superior Court,* 19 Cal. App. 548, [126 Pac. 501], the precise point thus presented was passed upon by the district court of appeal of the second district, in an application for a writ of prohibition to restrain the superior court, sitting as a juvenile court of Los Angeles County, from proceeding further in the trial of the petitioners, who were charged, by a complaint such as the one here, with the same offense as that with which the defendant in the case at bar is charged. Mr. Justice Shaw, of that court, prepared the opinion, and, while denying the writ on the sole ground that there was available to the petitioners an adequate remedy in the ordinary course of law, held that, in cases arising under section 26 of the Juvenile Court Law, it was imperatively necessary that the usual procedure prescribed for the prosecution of felonies or indictable misdemeanors should be followed—that is, that the prosecution of such cases should either be by indictment or by information, after a preliminary examination of the charge before and commitment by a magistrate. The opinion in that case satisfactorily answers the argument of the attorney-general in support of the course adopted in this case. We, therefore, approve the result arrived at in said case as to the point under consideration and the reasoning leading thereto, and adopt the following portions of the opinion therein as a part of the opinion herein:

"Section 26 of the Juvenile Court Act, which defines the misdemeanor in question, provides that 'the juvenile court shall have jurisdiction of all such misdemeanors.' Section 682 of the Penal Code provides: 'Every public offense must be prosecuted by indictment or information, except: 1. Where proceedings are had for the removal of civil officers of the state; 2. Offenses arising in the militia when in actual service, and in the land and naval forces in the times of war, or

which the state may keep, with the consent of Congress, in time of peace; 3. Offenses tried in justices' and police courts; 4. All misdemeanors of which jurisdiction has been conferred upon superior courts sitting as juvenile courts.' Subdivision 4 was added by the amendment of 1911. It is under and by virtue of this last subdivision of section 682 that respondents claim the right to prosecute the petitioners upon the complaint filed in the superior court. Petitioners, however, contend that the exception provided by subdivision 4 is unconstitutional, in that it is repugnant to subdivisions 3 and 33 of section 25 of article IV of the constitution, which provide: 'The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: . . . Third. Regulating the practice of courts of justice. . . . Thirty-third. In all other cases where a general law can be made applicable.' While section 682 provides that every public offense, except those enumerated in subdivisions 1, 2, 3 and 4, must be prosecuted by indictment or information, it does not make, or purport to make, any provision for the prosecution of cases falling within the enumerated exceptions. The section is permissive in declaring that such prosecutions need not be by indictment or information, but it does not in terms forbid the same, or define any other mode of practice for the cases so excepted. Other sections of the code, however, prescribe the pleadings and procedure to be followed in cases classed as 1, 2 and 3, but nothing in the juvenile act, nor in the Penal Code, other than section 888 thereof, purports to provide a procedure for the prosecution of the misdemeanor with which petitioners are charged. While section 1426 of the Penal Code authorizes the prosecution of misdemeanors in justices' courts upon a verified complaint, we find no like provision which in terms authorizes a prosecution in the superior court upon such pleading. Hence, it follows that if it cannot be prosecuted by indictment or information, as provided by section 888, the law in terms makes no provision for the trial of such cases. Assuming that section 187 of the Code of Civil Procedure applies, which application may be doubted under section 31 of the Code of Civil Procedure, nevertheless the provision therein that a court vested with jurisdiction to try a case may adopt any suitable mode therefor conformable to the spirit of the code is limited to those cases where no course

of procedure is pointed out by the code or some statute. Section 888 specifically points out and designates a complete mode of procedure. It expressly provides that 'All public offenses triable in the superior courts must be prosecuted by indictment or information, except as provided in the next section,' which next section refers to accusations filed in the superior court for the removal of officers in accordance with sections 758 and 759 of the Penal Code.

"In our opinion, subdivision 4 of section 682 cannot be construed as authorizing the prosecution and trial of petitioners on a verified complaint filed in the superior court. Moreover, such interpretation given the section would, in our judgment, render it repugnant to subdivision 3 of section 25, article IV of the constitution, prohibiting the legislature from passing special laws 'regulating the practice of courts of justice,' as well as render it obnoxious to subdivision 33 of said section which prohibits the passage of a special law 'where a general law can be made applicable.' Not only does a general law exist (section 888), which is applicable to the prosecution of all misdemeanors, jurisdiction of which is vested in the superior courts, but the provision, accepting the interpretation of subdivision 4, section 682, as construed by respondents to authorize a prosecution of misdemeanors arising under section 26 of the juvenile act by complaint, is an attempt to provide and apply to such cases a special and different procedure than that prescribed by general law for the prosecution of like misdemeanors triable in the superior court. In the present case there is no conceivable reason why the prosecution of the misdemeanor in question should not be subject to the general rules in regard to pleadings and procedure made applicable to all misdemeanors triable in the superior court. (*City of Tulare* v. *Hevren,* 126 Cal. 226, [58 Pac. 530]) . . . In the *Mills Sing Case,* 13 Cal. App. 740, [110 Pac. 694], this court said: 'The juvenile act making the offense under consideration triable in the superior court, section 888 of the Penal Code applies, which provides that all public offenses triable in the superior court must be prosecuted by indictment or information, except as to accusations for the removal of certain officers. Section 809 of the Penal Code directs the filing of an information after commitment by a magistrate, and section 950 of the Penal Code specifies what such information

must contain. It follows, therefore, that the preliminary examination and commitment are precedent conditions to the information upon which, and upon which only, can the superior court proceed to try one charged with a public offense, even though it be a misdemeanor.' In our judgment, the verified complaint filed in the superior court is insufficient to give the court jurisdiction to try the petitioners for the offense charged. The prosecution in such case must, as required by section 888 of the Penal Code, if not by indictment, be conducted under an information, as a prerequisite to the issuance of which the accused is entitled (Const., art. I, sec. 8) to a preliminary examination and commitment, provision for which is made in sections 858 and 883 of the Penal Code, and which is applicable alike to the misdemeanor with which petitioners are charged, as well as to all others, jurisdiction to try which is vested in the superior court.''

There is nothing said in the case of *Edington* v. *Superior Court*, 18 Cal. App. 739, [124 Pac. 450, 128 Pac. 338], which is in conflict with the foregoing views or which supports the position of the attorney-general in this case.

But it may be argued that it is within the power of the legislature to confer upon the superior court, as a juvenile court, special and peculiar power with respect to misdemeanors created by the Juvenile Court Act, and that it could, therefore, prescribe any procedure for the trial of misdemeanors arising under said act which it might deem appropriate or the more convenient.

It must be borne in mind that the legislature by the Juvenile Court Law, does not pretend to set up a new court or one distinct from that of the superior court. The act merely confers upon the superior courts jurisdiction of certain offenses created thereby. This is not only clearly implied from the title of the act which, after stating its purposes, among which is the creation of certain offenses, reads: ''and giving to the *superior court* jurisdiction of such offenses,'' but is expressly declared by section 2 of the law, which provides, among other things, that ''the superior court in every county of this state shall exercise the jurisdiction conferred by this act.'' See *Edington* v. *Superior Court*, 18 Cal. App. 739, [124 Pac. 450, 128 Pac. 338].)

While it is true that it is within the constitutional power of the legislature to confer upon the police or justice's courts the jurisdiction to try high grade, or what is commonly termed indictable, misdemeanors, in which case undoubtedly the procedure peculiar to those courts would be appropriate (*Union Ice Co. etc.* v. *Rose,* 11 Cal. App. 357, [104 Pac. 1006] ; *People* v. *Sacramento Butchers' Association,* 12 Cal. App. 471, 487, [107 Pac. 712] ; *In re Westenberg,* 167 Cal. 309, [139 Pac. 674] ), nowhere has it ever heen held that, where jurisdiction is conferred upon the superior courts of a class of misdemeanors, the legislature may adopt for the prosecution of such cases a procedure materially different from that prescribed by the constitution and the statute for the prosecution of criminal cases in said courts.

The defendant objects to the complaint for other and additional reasons, contending that it is ambiguous and uncertain in that it charges a number of different and distinct offenses under section 26 of the Juvenile Court Law. It is further claimed that the court erred to the detriment of the defendant in certain of its rulings upon evidence and in the matter of its charge to the jury. But, since a reversal must be ordered upon the point first considered, we do not feel called upon to review and pass upon the points last referred to. Besides, we may assume that, if the people elect to proceed anew against the defendant for the offense of which it was attempted to accuse him in the document upon which he was tried and convicted in the present case (Pen. Code, sec. 997), any errors which may have been made in the purported trial with which this appeal is concerned, either in the statement of the offense or the rulings on questions of evidence and the instructions, will readily be discovered and avoided in the trial of the accused under a proper pleading.

For the reasons given in the above quoted opinion in the case of *Gardner* v. *Superior Court,* 19 Cal. App. 548, [126 Pac. 501], the judgment and the order appealed from in the case at bar are reversed.