[Crim. No. 1010.   Third Appellate District.—January 25, 1928.]

THE PEOPLE, Respondent, v. C. PERFETTI, Appellant.

W. F. Cowan and J. O. Kroyer for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted on an information charging acts tending to contribute to the delinquency of a minor child, and appeals from the judgment of conviction.

The appeal is based upon three grounds, to wit:

1. That the information fails to state facts sufficient to charge the offense denounced by section 21 of the Juvenile Court Law;

2. That the information is defective in that it fails to specifically show what offense, or offenses, the defendant is guilty of under section one of the Juvenile Court Law; and

3. That the information does not conform to the requirements of sections 950, 951, and 952 of the Penal Code.

■ The charging portion of the information is in these words:

"That the said E. Perfetti and C. Perfetti on or about the 11th day of September, A. D., One Thousand Nine Hundred and twenty-seven, at and in the County of Sonoma, State of California, did then and there wilfully and unlawfully give, sell and furnish certain intoxicating liquors, to-wit: white wine containing more than one half of one percentum of alcohol by volume to Wesley Daniels, a minor child then and there under the age of twenty-one years, to-wit, of the age of eighteen years, which wilful and unlawful act and course of conduct, as aforesaid, did thereby, then and there manifestly tend to and did encourage, cause and contribute to the said Wesley Daniels becoming and remaining such a person as described in Section One of the Juvenile Court Law contrary to the form, force and effect of the Statute in such cases made and provided, and against the peace and dignity of the People of the State of California."

No demurrer to the information was filed by the defendant, but after the conclusion of the trial the defendant interposed a motion for a new trial, and also a motion in arrest of judgment. The transcript shows only the following in relation to the motion in arrest of judgment, to wit,

motion of Mr. Cowan on behalf of defendant in arrest of judgment under section 1185 of the Penal Code. Upon this appeal the appellant calls our attention specially to two cases. The first of which we will consider is that of *People* v. *Pierro,* 17 Cal. App. 742 [121 Pac. 689], in which case it was held that the defendant was entitled to have the information set forth the particulars of the issue which he was called upon to meet as to whether the child had in fact become a delinquent, and that if the child had not in fact become a delinquent, a case could not be made out against the defendant. In citing this case as an authority to support the insufficiency of the information upon which this defendant was tried, appellant apparently overlooked the fact that the case of the *People* v. *Pierro, supra,* was decided upon the wording of section 26 of the Juvenile Court Law approved March 8, 1909 (Stats. 1909, p. 225), which presupposed that the child had already become a delinquent. The holding in that case was to the effect that under the terms of the Juvenile Court Law of 1909, before a defendant could be convicted of a misdemeanor for contributing to the dependency of a minor under the age of eighteen years, the fact that such minor had become a dependent thereunder or that there had been an adjudication of such dependency must be distinctly alleged and proved. This provision of the law was eliminated when the Juvenile Court Law, approved June 5, 1915, was enacted (Stats. 1915, p. 1225). The acts made punishable by section 26 of the Juvenile Court Law of 1909 are written into section 21 of the Juvenile Court Law as it now stands, and the necessity for either charging or proving that the minor has become a delinquent is omitted therefrom, and in place thereof we find the following: "That if the person charged does any act which would cause or manifestly tend to cause any person to become or to remain a person coming within the provisions of any of subdivisions 1 to 13 of section one of the act, shall be guilty," etc. Under such circumstances further consideration of the case of *People* v. *Pierro, supra,* is unnecessary.

Our attention is next called to the case of *People* v. *Lamanuzzi,* 77 Cal. App. 301 [246 Pac. 557], in support of the contention that the information is insufficient. In the Lamanuzzi case the information charges that the defendant

did wilfully, unlawfully and knowingly commit certain acts, to wit: ''Sell and furnish wine, said wine being then and there fit for use for beverage purposes, and then and there contained more than one-half of one per cent of alcohol by volume, to Budd Stoffers, which caused and tended to cause the said Budd Stoffers, a minor child of the age of seventeen years, to visit a place where intoxicating liquor was sold, bartered, exchanged and given away, to have intoxicating liquor in his possession, which said intoxicating liquor was then and there fit for use for beverage purposes, and then and there contained more than one-half of one per cent of alcohol by volume.'' Defendant demurred generally and specifically to the information, setting forth that the facts did not constitute a public offense, and that the pleading did not substantially conform to the requirements of sections 950, 951, and 952 of the Penal Code. The demurrer was sustained and the People appealed. The court, in considering the information, among other things said: ''That the information charged respondent with acts which were in violation of certain provisions of section 397b of the Penal Code, and that it not being directly alleged therein that the acts tended to bring the minor within any of the provisions of the Juvenile Court Law, unless the allegations that the act caused or tended to cause the minor to have intoxicating liquor in his possession and to visit a place where intoxicating liquor was sold, bartered, exchanged and given away, may be said to be equivalent thereto''; and it was held to be insufficient. The opinion further refers to cases where the information or indictment has been held insufficient on demurrer in failing to allege that the acts tended to encourage the minor to come within the provisions of the Juvenile Court Law, and cites the exceptions as being cases where the information, from the facts set forth, necessarily led to such conclusion. It is further set forth in the opinion that it was not alleged that the possession of the minor, following the sale and delivery, was unlawful, and calls attention to the fact that the language of section 397b of the Penal Code is sufficiently broad to include a sale or delivery of intoxicating liquor to a minor under the age of eighteen years upon a physician's prescription, etc., and to the fact that such possession would not in every case be unlawful or inconsistent with an innocent and proper purpose, nor would the fact of an illegal sale or delivery, followed by possession,

under all circumstances necessarily or manifestly tend to bring the minor within the provisions of the Juvenile Court Law, and then finally holds that where the ultimate facts necessary to a complete description of the offense have been omitted from the pleadings, and such facts do not follow as a necessary conclusion from the allegations contained therein, a demurrer to the information is properly sustained. A comparison of the information upon which the defendant in this cause was tried and convicted, with the information in the Lamanuzzi case, shows that they are readily distinguishable. In the case at bar the information is founded solely and exclusively upon the Juvenile Court Law. In the Lamanuzzi case the prosecution appears to have been based upon section 397b of the Penal Code, which describes a separate and distinct offense from that denounced in section 21 of the Juvenile Court Law. We may point out the further distinction that in the information upon which the defendant was tried and convicted it is specifically charged that the defendant unlawfully sold and furnished certain intoxicating liquor, etc., to the minor, and that such conduct did then and there manifestly tend to, and encourage, cause and contribute to the said minor becoming and remaining a person described in section one of the Juvenile Court Law. The opinion in the Lamanuzzi case apparently overlooks the fact that when intoxicating liquor is unlawfully sold to a minor, the possession of such liquor by the minor immediately becomes a misdemeanor. (See *People* v. *Avila,* 78 Cal. App. 415 [248 Pac. 693]), which fact immediately brings the minor within the terms of subdivision 13 of section 1 of the Juvenile Court Law. There is another distinction to be borne in mind between the decision in the Lamanuzzi case and that which should be had herein, in this: In the Lamanuzzi case a demurrer was interposed by the defendant setting forth that the information therein did not conform to sections 950, 951, and 952 of the Penal Code, while in the case at bar no demurrer was interposed. The defendant apparently was content to go to trial upon the information as it stood without calling attention to any of the defects in the information, which he is entitled to do under section 1004 of the Penal Code, when the trial court would be called upon to determine whether the information did actually contain all the particulars of the offense as required by said sections. That the information in the case

at bar charges a public offense seems to us unquestionable. It first charges the unlawful sale of intoxicating liquor and then charges a sale and delivery to a minor in such manner that the possession of the intoxicating liquor so purchased by the minor would constitute a misdemeanor on the part of the minor. The information in the case at bar is identical with that in the case of *People* v. *Baker*, 38 Cal. App. 28 [175 Pac. 88], save and except as to the concluding clause, to wit: ''A person under the age of 21 years who habitually uses intoxicating liquor, and who is leading or is in danger of leading an idle, dissolute, lewd and immoral life, contrary,'' etc. That this may be a further description of the crime charged may be admitted, but that it tends to add anything to the offense committed by the defendant does not seem to follow. The act of the defendant is in unlawfully furnishing intoxicating liquor to the minor. The result of the act is wholly immaterial if it tends toward producing any of the conditions of the minor mentioned in section one of the Juvenile Court Law. Whether such a result actually follows is wholly immaterial under section 21 of that act as it now reads. In the Baker case it was also held that the intent of the seller was immaterial since the law contemplates the effects of selling and its tendency to cause the minor to become a delinquent and not the intent or motive of the seller. While the appellant argues that it is the result and not the act itself which brings the accused within the provisions of section 21, such is not the law. If the act of the defendant tends toward such a result, the crime is committed. It certainly is not the law that a defendant cannot be prosecuted until he has actually ruined the minor. The Juvenile Court Law in all its intendments is preventive of the ruination of minors and not simply the punishment of those who have ruined him after the minor has become a charge upon the state. The simple reading of the information in this case leads unavoidably to the conclusion that the manifest tendency of the acts charged against the defendant is to cause the minor to become a person such as is referred to in subdivisions 8, 11, and 13 of section 1 of the Juvenile Court Law. The tendency, in selling intoxicating liquor to a minor, is to cause him to become an habitual user thereof. The tendency of the habitual use of intoxicating liquors by a minor is to cause him

to become an idle and dissolute person, and also the violation of law in the disregard thereof by the seller, as well as causing the minor to have unlawful possession thereof likewise induces the minor to become a person violating the laws of the state. That a public offense is charged in the information is thus shown beyond question.

When the particulars of an offense, or if in this case the particular results of the defendant's actions were not stated with sufficient clarity to satisfy the defendant or to enable him to more ably present his defense, it was his duty to demur thereto as provided by section 1004 of the Penal Code, or if more than one offense was charged, it was such duty.

Upon this appeal the appellant urges that the information does not conform to the requirements of sections 950, 951, and 952 of the Penal Code in that the statement of the acts constituting the offense is not made in ordinary and concise language and in such manner as to enable him to understand what is intended in this case, under what particular subdivision of section 1 of the Juvenile Court Law the minor should be classed. Section 1012 of the Penal Code further provides that when the objections mentioned in section 1004 of the Penal Code, which refers to sections 950, 951, 952, and 954, appear on the face of the information or indictment, objection thereto must be taken by demurrer. If the defendant does not demur, there remains only two objections: 1. That the court has no jurisdiction of the subject matter; and 2. That the indictment does not state a public offense. Again, section 1258 of the Penal Code requires this court to give judgment without regard to technical errors or defects which do not affect the substantial rights of the parties. Also the judgment of this court must be controlled by section 1404 of the Penal Code wherein the law is set forth that "neither a departure from the form or mode described by this code with respect to any pleading or proceeding, nor any error or mistake therein renders it invalid unless it has actually prejudiced the defendant or tended to his prejudice with respect to a substantial right." It cannot be successfully argued that the failure of the information to state whether the minor was in danger of becoming an habitual user of intoxicating liquors or a dissolute or an idle person or one addicted to the commission of misdemeanors affected the defendant, as the defendant's

act or acts would be the same in any case. It is only a question of a difference in results that might follow the defendant's acts. The defendant is not on trial for what might occur to the minor, or as to what might be the ultimate effect of the minor's use of intoxicating liquors. The defendant was placed on trial for acts which manifestly tended to produce certain results, to wit, to bring the minor under the provisions of section 1 of the Juvenile Court Law. Whether the defendant succeeded or failed is wholly immaterial. If this is true, then no substantial rights of the defendant have been either invaded or denied by reason of the information not completely stating the ultimate result of the use of intoxicating liquor by the minor.

This brings us to a consideration of the appellant's motion in arrest of judgment. The motion is made in general language, and may be insufficient in not specifying the grounds thereof, but assuming the motion in itself to be adequate, the ruling of the court thereon could not have been otherwise. Section 1185 of the Penal Code, after providing for the interposing of a motion in arrest of judgment, further specifies: "It may be founded on any of the defects in the indictment or information mentioned in section 1004 unless the objection has been waived by a failure to demur." No demurrer was interposed by the defendant in this case. Thus, all the objections which have been urged upon this appeal are completely unanswered by this section under the terms of which the appellant must be held to have waived any of the alleged defects. After sitting still and taking chances on the verdict of the jury, he cannot now come into this court and urge that sections 950, 951, and 952 of the Penal Code, as well as 954 thereof, were not complied with. The authorities that an appellant is precluded from raising such objections upon appeal after having failed to demur are too numerous for citation, but may be found in the annotations to section 1085 of the Penal Code, of Kerr's Cyc. Codes, 1920, and supplements thereto. Two late cases, however, may be referred to: *People* v. *Lauman*, 187 Cal. 214 [201 Pac. 459], where it is held that failure to demur constituted a waiver of all the objections which we have been considering herein. Also, in the case of *People* v. *Welton*, 190 Cal. 236 [211 Pac. 802], the subject is fully considered. There the information read, omitting the formal

parts: "did then and there unlawfully, wilfully, wrongfully, deliberately and feloniously print, publish, edit, issue, circulate and publicly display books, papers, pamphlets, documents, posters and written and printed matter containing and carrying written and printed advocacy, teaching, aiding and abetting and advising criminal syndicalism." No demurrer was interposed, and upon motion in arrest of judgment it was urged that the information did not conform to the requirements of sections 950, 951, and 952 of the Penal Code in that the particular circumstances of the alleged offense were not set forth, etc. The court held that as no demurrer was interposed, the objection was waived.

The objection that the testimony is insufficient to support the verdict is so manifestly untenable that consideration thereof is unnecessary.

The order and judgment of the trial court are affirmed.

Finch, P. J., and Hart, J., concurred.