THE STATE v. JOHNSON, *Plaintiff in Error.*

1. **Criminal Law**: ARSON OF STATE PENITENTIARY: INDICTMENT. An indictment of a convict in the state penitentiary for arson of the same, need not set out the particular felony for which he was confined.

2. ———: ———: ———. The state penitentiary and other buildings to which the fire was set, being public buildings, and it so appear-

ing from the indictment, an express averment of ownership in the state was not necessary.

3. Indictment: INITIALS OF CHRISTIAN NAME. An indictment of a defendant by his initials, as to his Christian name, sustained.

*Error to Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*Geo. T. White* for plaintiff in error.

*B. G. Boone*, Atorney General, for the state.

(1) The indictment charges clearly and explicitly that defendant was, at the time of the commission of the arson, then and there a convict confined in the penitentiary. This complies with the requirements of the statute making convicts subject to indictment and punishment for crimes committed while undergoing imprisonment for a former offence, and is sufficient. R. S., 1879, sec. 1668. (2) It was not necessary to set forth in detail defendant's former crime, sentence, and length of term of confinement. The indictment is drawn in the substantial language of the statute defining the offence, and is sufficient. *State v. Adcock*, 65 Mo. 590 ; *State v. Stogsdale*, 67 Mo. 630 ; *State v. Tissing*, 74 Mo. 72. (3) It is alleged that the buildings set fire to and burned were usually occupied. A specific allegation of ownership in such a case was not necessary. *Shepherd v. People*, 19 N. Y. 537. (4) The indictment alleges that the defendant was, at the time, "confined in the state penitentiary and that the said penitentiary and the shops and other buildings therein contained were set fire to." This is a sufficient averment of ownership, the property burned being public buildings. *State v. Roe*, 12 Vt. 93 ; *Commonwealth v. Williams*, 2 Cush. 58 ; *Commonwealth v. Harney*, 10 Met. 422. (5) The de-

scription of defendant as "J. B. Johnson," was sufficient. The omission of the Christian name, if error, is cured by our statute of jeofails. R. S., 1879, sec. 1821. It is sufficient to describe a defendant by the initials of his Christian name. *United States v. Winter*, 13 Blach. 276; *State v. Kean*, 10 N. H. 347; *City Council v. King*, 4 McCord, 487; *Tweedy v. Jarvis*, 27 Conn. 42; *Vandermark v. People*, 47 Ill. 122.

NORTON, C. J.—Defendant was indicted in the Cole county circuit court for arson in the second degree. Upon his plea of guilty, he was sentenced to ten years imprisonment in the penitentiary. Afterwards he filed his motion in arrest of the judgment, which being overruled, he prosecutes this writ of error to this court.

The grounds alleged in the motion to arrest the judgment are as follows : (1) That the indictment does not charge that defendant was lawfully confined in the penitentiary, and the length of term of his sentence and confinement given, nor the court that sentenced him. (2) That it does not allege that any one usually occupied or lodged in the shops or buildings at the time of setting fire to same. (3) That no ownership is alleged in the buildings burned. (4) The defendant is not described by his Christian or first name.

The indictment, omitting the formal parts of it, is as follows :

"That one J. B. Johnson, being then and there a convict confined in the state penitentiary, then and there situate, the said penitentiary being then and there the state prison, wherein persons convicted of felonious crimes are usually confined and lodged according to the statutes in such cases made and provided, wherein also certain officers, servants, and employes of said state in charge of, and employed in, said penitentiary, usually at the time aforesaid, did lodge, feloniously, wilfully, and maliciously, did set fire to the penitentiary aforesaid,

The State v. Johnson.

the shops and other buildings therein contained, and the same then and there, by such firing as aforesaid, feloniously, wilfully, and maliciously, did burn, against the peace and dignity of the state."

As to the first point raised to the indictment, it may be said that section 1668, Revised Statutes, among other things, provides that, "if any convict shall commit any crime in the penitentiary, or in any county in this state, while under sentence, the court having jurisdiction of criminal offences in such county shall have jurisdiction of such offence, and such convict may be charged, tried, and convicted in like manner as other persons." It will be observed that the indictment alleges that "J. B. Johnson, then and there being a convict confined in the state penitentiary." The charge is substantially made in the language of the statute, authorizing convicts to be proceeded against criminally, as other persons, which is ordinarily sufficient. It is simply the averment of a fact to be found on the trial, and we are unwilling to go to the length of saying that an indictment which does not set out the evidence of such a fact is for that reason insufficient. A similar question was involved in the case of *State v. Adcock*, 65 Mo. 590, and it was there held, on an indictment for conveying into a jail instruments to aid and assist the escape of a prisoner confined therein for a felony, that it need not set out the particular felony with which the prisoner was charged, and that it was sufficient to charge that the person whose escape was being aided was lawfully confined in the jail, charged with felony, and that, as the indictment in that respect followed the language of the statute, it was sufficient.

The second point is not well taken, for the reason that it is averred that, at the time the penitentiary was set fire to, certain officers, servants, and employes of the state did usually lodge there, and for the further reason that, by section 1284, Revised Statutes, it is provided that

"every house, prison, jail, or other edifice which shall have been usually occupied by persons lodging therein shall be deemed a dwelling-house." *Gunyon v. State*, 68 Ind. 79 ; *State v. Murray*, 15 Me. 100 ; *Clements v. State*, 4 Lea [Tenn.] 23. The state penitentiary and the buildings set fire to being public buildings, the ownership of the same is sufficiently averred. *Commonwealth v. Williams*, 2 Cush. 582 ; *Sheppard v. The People*, 19 N. Y. 537.

It is also insisted, with much plausibility, that the indictment is defective in not setting out in full the Christian, or baptismal, name of the defendant, and in designating him only by initials. In support of this contention we are referred to *Martin v. Barron*, 37 Mo. 304. In that case, where suit was brought on a foreign judgment, the defendant was described in the writ by the initials of his Christian name, and it is there said : "The Christian and surname of both plaintiff and defendant should be set forth with accuracy, for since names are the only marks and indicia which human kind can understand each other by, if the name be omitted, or mistaken, there is a complaint against nobody. But where service has been read by a wrong name, the misnomer, or want of a name, is pleadable only in abatement." 1 Bacon Ab. 9 ; 2 Black. 1120.

Conceding, as is contended, that the name of defendant, the initials only being used, is not accurately stated in the indictment, and that it is, for that reason, defective, if, according to the authority of the above-cited case, it can only be taken advantage of by plea in abatement, it follows that the objection cannot be raised on a motion in arrest when the party has appeared and pleaded to the merits. This is so held in the case of *State v. Webster*, 30 Ark. 166, where defendant was indicted and only the initial of his Christian name given ; and it was also held in the case of *Commonwealth v. Kelcher*, 3 Met [Ky.] 485, where neither the Christian

name nor the initial of the name was given, the defend-ant being indicted by the name of Mrs. Kelcher. In the disposition of the case it is said that, "if the erroneous statement of the whole name would not vitiate the indictment, certainly the omission to set out the Christian name would not." In the case of *Smith v. State*, 8 Ohio, 294, it is held that an indictment designating the accused by initial letters, as a baptismal name, is "good after verdict;" but, it is added that a plea in abatement would have been fatal to it.

But, independent of these authorities, our statute (secs. 1819 and 1821, R. S.) undertakes to regulate the course of procedure in cases of misnomer. Section 1819 provides as follows: "If a defendant be indicted by the wrong name, unless he declare his true name before pleading, he shall be proceeded against by the name in the indictment. If he allege that another name is his true name, it must be entered in the minutes of the court, and after such entry, the trial and all other proceedings shall be had against him by that name, referring also to the name by which he is indicted, in the same manner, in all respects, and with the same consequences, as if he had been indicted by his true name." And by section 1821 it is provided that "no indictment or information shall be deemed invalid, nor shall the trial judgment, or other proceedings thereon, be stayed, arrested, or in any manner affected by reason of the omission, or misstatement, of the defendant's title, occupation, estate, or degree, * * * nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

Judgment affirmed, in which all concur.