THE STATE v. WHITMORE, Appellant.

Division Two, November 21, 1898.

1. **Arson in First Degree:** INDICTMENT: JAIL: DWELLING HOUSE. Under Revised Statutes 1889, section 3511, providing that the burning of "any dwelling in which there shall be at the time some human being" is arson in the first degree, and section 3512, providing that "every house, prison, jail," etc., shall be deemed a dwelling house, an indictment for arson in the first degree, charging defendant with burning a jail, which fails to allege that it is a dwelling house, is fatally defective.

2. ———: ———: ———: OWNERSHIP. Under Revised Statutes 1889, section 3512, providing that a jail which is occupied shall be deemed a dwelling house of any person having charge thereof, or so lodged therein, within the meaning of the statute defining arson, an indictment for burning a jail must allege its ownership.

3. ———: ———: ———: ———: IN SHERIFF. When it was in charge of the sheriff, who resided in the upper story if it, such ownership should be laid in him.

4. ———: ———: STATUTORY MATTERS NECESSARY. Where defendant was convicted of arson in the first degree, and the indictment proves defective, the State can not treat matters of description, which are necessary only under the statute defining arson in the first degree, as immaterial and surplusage, and thus bring it within the provisions of the statute defining arson in the third degree.

*Appeal from Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED AND DEFENDANT DISCHARGED.

HARBER & KNIGHT for appellant.

The indictment is insufficient, in that it does not charge that the jail was the dwelling house of any person, that is,

State v. Whitmore.

there is no ownership alleged—this is necessary. Wharton's Precedents and Pl. of Indictments, sec. 389; Wharton's Crim. Law [8 Ed.], sec. 841. The statute plainly shows that the commom law doctrine that ownership must be alleged and proved as alleged, was in the mind of the legislators who framed this statute, and when they declared what would constitute a jail a dwelling house, they as plainly declared in the very same sentence, whom it should be the dwelling house of, for they said it, "shall be deemed a dwelling house of any person having charge thereof or lodging therein." Thus designating with accuracy, when they had created the dwelling house, whose it should be, for the very purpose of enabling the pleader to easily make the allegation of ownership and sustain it with the proof without a failure on that question. State v. Johson, 93 Mo. 73. It is not the dwelling house of the county. The very statute that creates it a dwelling house at the same time, declares that it is not the dwelling house of the county or the public, but that of another. It has no existence as a dwelling house except as a creature of the statute, and can have no ownership as such excepts as created by statute.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

The indictment in this case is assailed by the defendant on the ground that it does not allege ownership of the property. The building in question is described in the indictment as "the county jail of Grundy county, Missouri," and further, continuing, the indictment charges that "he, the said Eugene Whitmore, did then and there feloniously, willfully and maliciously set fire to the county jail aforesaid, and the said county jail then and there willfully, feloniously and maliciously did burn, in which said county jail were then and there divers human beings, etc." It will be ob-

served that the indictment in this case does allege ownership of the property. In the case of State v. Johnson, 93 Mo. 73, it was held that where the indictment contains an averment to the effect that it was a public building, an express allegation of ownership in the State or county was unnecessary. In an indictment for burning a public building it has been adjudged unnecessary to allege ownership and such allegation, if made, is immaterial and will be treated as surplusage. State v. Roe, 12 Vt. 93; Com. v. Williams, 2 Cush. 582; Com. v. Harney, 10 Met. 422; People v. Shepherd, 19 N. Y. 537.

SHERWOOD, J.—Arson the charge, ten years imprisonment in the penitentiary the punishment, and the indictment as follows: "The grand jurors for the State of Missouri, and from the body of Grundy county, duly impaneled, charged and sworn upon their oaths, present and charge that on the ——— day of ———, 1897, at Grundy county, Missouri, one Eugene Whitmore, being then and there a prisoner confined in the county jail of Grundy county, Missouri, then and there situate, the said county jail being then and there the prison of the said Grundy county, Missouri, wherein the prisoners convicted of misdemeanors were then and there usually confined and lodged; and wherein also certain human beings, officers, servants and employees of said county in charge of and employed in said county jail, then and there did usually lodge, he, the said Eugene Whitmore, did then and there feloniously, willfully and maliciously set fire to the county jail, aforesaid, and the said county jail then and there willfully, feloniously and maliciously did burn, in which said county jail were then and there divers human beings, who usually lodged therein, against the peace and dignity of the State."

The sufficiency of this indictment having been challenged, it is in order to determine that point.

Sections 3511 and 3512, Revised Statutes 1889, relating to the crime of arson are these:

3511.    "*Arson in first degree.*—Every person who shall willfully set fire to or burn any dwelling house in which there shall be at the time some human being, or who shall willfully set fire to or burn any boat or vessel in which there shall be at the time some human being, or who shall willfully set fire to or burn any bridge or causeway upon any railroad, shall upon conviction be adjudged guilty of arson in the first degree."

Section 3512.    "*Dwelling    house    defined* .— Every house, prison, jail or other edifice, which shall have been usually occupied by persons lodging therein, shall be deemed a dwelling house of any person having charge thereof or so lodged therein; but no warehouse, barn, shed or other outhouse shall be deemed a dwelling house, or part of a dwelling house, within the meaning of this or the last section, unless the same be joined to or immediately connected with and is part of a dwelling house."

Section 3515 of the same article is the following: "Every person who shall willfully set fire to or burn any house, building, barn, stable, boat or vessel of another, or any office or depot or railroad car of any railroad company, or any house of public worship, college, academy or schoolhouse, or building used as such, or any public building belonging to the United States or this State, or to any county, city, town or village, not the subject of arson in the first or second degree, shall, on conviction, be adjudged guilty of arson in the third degree."

The first question presented for consideration is the sufficiency of the indictment; defendant insisting that it fails to charge any offense under the law.   I have quoted the several sections aforesaid in order to show under which section the indictment was intended to be drawn.   Evidently

the indictment was drawn under section 3512, and is for arson in the first degree. The lower court so treated it, because it instructed the jury that if they found defendant guilty as charged, they should assess his punishment at not less than ten years' imprisonment in the penitentiary, an instruction only proper where a trial occurs for arson in the first degree.

There are, as it seems to me, several defects in this in-. dictment which I will now proceed to make comment upon: To begin with, the indictment is bad because it does not allege that the building burned was a *"dwelling house,"* because where this is the statutory term employed, there, the indictment must use it or else the indictment will be ill. [McLane v. State, 4 Ga. 335; State v. Sutcliffe, 4 Strobh. Law, 372; 1 Whart. Crim. Law (10 Ed.), sec. 840.] These words are words descriptive of the crime of arson in the first degree, and therefore must be employed.

Within the meaning of section 3512, a jail when "usually occupied by persons lodging therein shall be deemed a dwelling house of any person having charge thereof or so lodging therein;" but in order to make the burning of such building arson in the first degree, there must be in the building at the time of the burning, some human being. At common law the ownership of the house must be alleged and proved as laid. [1 Whart. Crim. Law (10 Ed.), sec. 841.]

Our statute has not done away with this requisite of the common law. In fact, section 3512 has made such provision as renders it easy to allege and prove the *quasi* ownership. Such ownership should therefore have been alleged; and as the jail was in charge of the sheriff, and as he with his family lived in the upper story of it, the ownership should have been laid in him, giving his name.

In New York, where the statute in regard to arson in the first degree is with the exception of the words "in the

night time," substantially identical with our own, it has been ruled that the house or building burned must be described as the house or building of the *person in possession.* [People v. Gates, 15 Wend. 159.]

We have been referred to State v. Johnson, 93 Mo. 73, as upholding the view that the ownership has been sufficiently alleged in this case; and it is true that case does so hold, but that ruling was made by quoting only a *portion* of section 3512, to wit: "Every house, prison, jail, or other edifice which shall have been usually occupied by persons lodging therein," thus *cutting the section in two and leaving off* the important and controlling words, *"shall be deemed a dwelling house of any person having charge thereof, or so lodging therein."* With those words thus *omitted*, that ruling was correct, but their omission was an *emasculation of* the statute, and wholly unwarranted. That case, therefore, should no longer be held as binding authority. An additional reason occurs why Johnson's Case should not be followed as a precedent: The indictment, though for the same degree of arson as the present one, does not allege that there *was a human being in the penitentiary at the time of the burning.* This was doubtless the *fact* but *that* did not help the *indictment.*

There are doubtless cases where the charge consists in burning a public building, where no ownership is necessary to be specially alleged, any more than to say that it was "the county jail of ——— county." [Com. v. Williams, 2 Cush. 582; State v. Roe, 12 Vt. 93.]

If the present indictment had been drawn under section 3515, such a general averment would indubitably have been sufficient. But the indictment was drawn under section 3512 aforesaid, and therefore it is unnecessary to consider, except by way of illustration, what would have been the proper form of an indictment drawn under section 3515.

Again, defendant having been tried and convicted under section 3512 of arson in the first degree, the State will not be allowed to treat matters of description which are only necessary to be alleged under that section, as immaterial and surplusage, and thus bring this case under the provisions of section 3515. In civil cases, a party will not be allowed to take inconsistent positions in court. [McClanahan v. West, 100 Mo. 309, and cases cited.] And in criminal cases in like circumstances, the State should also be estopped from trying a cause on one theory in the lower court, and then insisting in this court, upon affirmance of the judgment on another and different theory.

Inasmuch as the indictment in this case is, for the reasons stated, wholly insufficient, the judgment should be reversed and defendant discharged, and it is so ordered. All concur.