# THE STATE v. J. WESLEY HENSON, Appellant.

Division Two, November 19, 1921.

1. **ARSON: Ownership of Public Building: Indictment and Proof.** The statute does not require an allegation of ownership where the building burned is a public one, and particularly where it is alleged that it was being used for a public use. An allegation in the information that the building burned by defendant was the

State v. Henson.

property of a certain public school district, except to explicitly define its location in the county named, is surplusage, and proof to sustain it is not necessary.

2. **CONTINUANCE: Presumption.** In the absence of a showing to the contrary, the presumption obtains that the trial court, in denying defendant's application for a continuance, properly exercised its statutory discretion; and where the transcript shows only a record entry of an application and 'the overruling of the same, the assignment that the court erred in refusing to grant a continuance is not for consideration.

3. **REFRESHING WITNESS'S MEMORY: Withdrawal and Private Interview.** The practice of permitting the prosecuting attorney to withdraw a witness, who had testified before the grand jury and manifested a hazy memory when examined at the trial, in order that he might refresh her memory as to her former testimony, is not to be commended; but where the only complaint is as to the manner pursued, and there is nothing to show that the defendant was thereby in any wise deprived of a fair trial, the irregular procedure will not be held to be prejudicial error.

4. **SURPRISE: At Own Witness's Testimony.** A surprise at the damaging testimony of defendant's own witness will not authorize a new trial except upon a showing that the defendant could not have known what the testimony would be, and it is incumbent upon defendant to show that he did not have opportunity to obtain such knowledge.

5. ———: ———: **Brought Out by Defendant: Objection: Continuance.** Defendant is precluded from urging on appeal that he was entitled to a continuance or a new trial because of his surprise at the damaging testimony of his own witness, if such testimony was brought out by his direct examination of the witness, and on cross-examination by the State no objection was interposed. Objection must be made and continuance asked at the time; the objection cannot be made for the first time in the motion for a new trial. The rule as to surprise is the same in criminal as in civil cases.

6. **DEMURRER TO EVIDENCE: Substantial Testimony: Arson.** Where the indictment sufficiently charges the offense and there is substantial testimony to sustain it, a demurrer to the evidence should be overruled. Proof that a schoolhouse was burned, that defendant had threatened to burn it, that he was at the schoolhouse only a half hour before it was seen to be burning, that he returned home three or four miles distant shortly afterwards and told his daughter-in-law that he had burned it and that he would kill her if she ever told that he had burned it or ever threatened to burn it, is sufficient to support a verdict of guilty.

Appeal from Stoddard Circuit Court.—*Hon W. S. C. Walker*, Judge.

AFFIRMED.

*K. C. Spence* and *W. W. Cooper* for appellant.

*Jesse W. Barrett*, Attorney-General, and *J. Henry Caruthers*, Special Assistant Attorney-General, for respondent.

(1) The indictment is sufficient. Sec. 3286, R. S. 1919; State v. Hunt, 190 Mo. 353; State v. Moore, 61 Mo. 276. (2) The verdict is supported by substantial evidence, and this court will not interfere. State v. Cannon, 232 Mo. 205, 215; State v. Sharp, 233 Mo. 269, 298; State v. Fields, 234 Mo. 615, 627; State v. Bidstrup, 237 Mo. 273, 283. The State's instruction referred to as number 3 correctly declares the law on the question of credibility and weight of testimony and was properly given. Kelly's Criminal Law and Practice, sec. 396; State v. Shelton, 223 Mo. 118, 138. (3) Matters of continuance rest largely in the discretion of the court. The appellant complains in his motion for a new trial that the court erred in refusing continuance on account of the absence of a witness due to sickness. The application is not set out in the record and it does not appear that any objections were raised as to the sufficiency of the same. The presumption is that the court properly exercised his discretion therein and this court will not interfere unless it appears that such discretion has been unwisely exercised. State v. Williams, 170 Mo. 204, 207; State v. Craft, 164 Mo. 631, 649. (4) The surprise complained of by appellant in his motion for a new trial is found in the testimony of his own witness and was called forth by his own questioning; hence he is bound thereby, and the court properly overruled this objection. Howell v. Howell, 37 Mo. 124; Shaw v. Besch, 58 Mo. 107; Paper

Company v. Luney, 68 Mo. 1, 7. (5) It is complained by appellant that the evidence fails to show that the Cross or Buck Rub school house is the same property alleged in the indictment to be the property of School District Number Eighteen. It is not necessary to allege ownership in this case and such allegation may be treated as surplusage and hence not necessary to offer proof of such ownership. State v. Moore, 61 Mo. 276, 281; State v. Hunt, 190 Mo. 353, 358.

WALKER, J.—Appellant was indicted under Section 3286, Revised Statutes 1919, in the Circuit Court of Stoddard County, for arson in the third degree. Upon a trial, he was convicted and his punishment assessed at three years' imprisonment in the penitentiary. From that judgment he appeals.

The specific charge leveled against the appellant was the burning of a schoolhouse located in his neighborhood, which was designated as the Cross or Buck Rub schoolhouse. Other than for educational purposes, the building had been used occasionally for church services by a number of persons called the Pentecostal sect. The building was burned just after dark on the——day of February, 1919. That evening, after the close of school and the teacher and other pupils had gone home, a fourteen-year-old-boy remained to attend to the janitor work. While he was thus engaged, the appellant appeared, and upon entering the room asked the boy if there was any fire in the stove, that he was cold. The boy answered him in the affirmative and appellant sat down near the stove and remained there until the boy had finished his work. When this was done, both went out together. The boy closed the door, but did not lock it, and started towards his home. The appellant went in a different direction towards where he resided. About a half hour later, persons in the neighborhood, among others the boy, saw the fire from their respective places of abode. Upon investigation, it was found to be the schoolhouse. The building

was destroyed before any effective effort could be made
to extinguish the fire.

Appellant was opposed to the use of the building
by the Pentecostal sect. Upon leaving his home the
morning of the day the building was burned, appellant
remarked to his daughter-in-law, who resided with her
husband at appellant's house, that he (appellant) was
going to make his words good; that he was going to do
what he had said; that the schoolhouse should not stand;
that the Pentecostal sect was preaching in it.

Appellant, after making these remarks, left the house
and did not return until a short time after dark. The
witness and her husband saw the fire which was about
three and a half miles distant. They did not at the time
know it was the schoolhouse. While they were watching
it, appellant appeared, but from what direction was not
noted. When he came up, he said: "Do you know that
Buck Rub schoolhouse is burning; I have made my words
true, and have done what I said I was going to do;
and that if you [witness or her husband] tell of my
burning the schoolhouse, I will kill you."

There was testimony for the appellant that four
years before the date of this offense he was treated for
epilepsy and succeeding the attack was mentally ir-
responsible, raved, and had to be held in bed; that
about a year or more before the offense, he had a similar
attack; that except when so afflicted, he attended to his
usual business affairs and had done so during the time
immediately preceding the burning of the schoolhouse.
The defense was an alibi. Appellant denied the com-
mission of the crime, and said that he was up in his
field about a hundred yards from his own house when
he discovered the fire. This was all the testimony.

The court instructed the jury as follows: First, in
a general instruction which defined the offense as
charged, hypothesized the facts necessary to be found
to authorize a conviction, and stated the punishment;
second, the usual instruction in regard to a presumption
of innocence; third, as to the credibility of witnesses;

fourth, the quantum of proof necessary to sustain a conviction on circumstantial evidence; fifth, the manner in which the defense of an alibi is to be considered; and, sixth, what constitutes a reasonable doubt.

Appellant asked no instruction, except one in the nature of a demurrer to the evidence at the close of the testimony for the State, and a like instruction at the close of all the testimony.

I.   The charging part of the indictment alleges that "at the said County of Stoddard, on the — day of February, 1919, one J. Wesley Henson, did then and there unlawfully, willfully and feloniously, set fire to and burn a certain public schoolhouse there situate, of the property of School District Number Eighteen, in Stoddard County, Missouri, and erected for use as a public school building, against the peace and dignity of the State."

*Information.*

It is contended that there was no proof to show that the building was the property of the district designated in the indictment.

It may be asserted as a general rule of criminal pleading, applicable to charges brought under the statute here invoked, that an allegation of ownership is not necessary when it is alleged that the structure burned is a public building. The averment, therefore, that it was the property of a particular school district, except to explicitly define its location in the county named, was surplusage, and proof to sustain it was not necessary. The contention here made arises out of a mistake conclusion as to the requisites of an indictment based on the statute cited, which does not require an allegation of ownership where the building is a public one, and particularly where it is alleged, as here, that it was being used for a public purpose.

The reasons for the necessity of an allegation of ownership in an indictment for arson at common law and the immateriality of a like allegation under certain statutes, we discussed with some degree of care in State

v. Myer, 259 Mo. l. c. 313. Although the statute under which the indictment at bar was drawn was not in question, a like interpretation of its requirements are applicable.

In the later case of State v. Bersch, 276 Mo. l. c. 412, the reasons for the immateriality of an allegation of ownership are likewise adverted to.

However, we are not without precedents more concretely applicable to the contention here made.

In State v. Johnson, 93 Mo. 73, an indictment for burning the State Penitentiary was held to sufficiently charge the crime, although no ownership in the public of the buildings burned was alleged. It is true that this case was criticised in State v. Whitmore, 147 Mo. 78, in that an allegation of ownership should have been alleged in charging arson under the particular section upon which the indictment in the Johnson case was drawn. In so ruling, it was held, in passing, that if the indictment had been drawn upon the section here under consideration, an allegation of ownership would not have been required.

In State v. Hunt, 190 Mo. 353, in which an indictment for burning a church building was drawn under the section here under review, the court held that the building did not belong to that class in respect to which ownership should be alleged in charging the arson of same; that the allegation that it was the property of a particular church was immaterial and might have been disregarded.

That the rule as thus stated obtains under like statutes in many other jurisdictions is attested by the following cases: Sands v. State, 80 Ala. 201; Lockett v. State, 63 Ala. 5; Mott v. State, 29 Ark. 147; State v. Roe, 12 Vt. 93; People v. Van Blarcum, 2 Johns, (N. Y.) 105; Stevens v. Commonwealth, 4 Leigh, (31 Va.) 683; State v. Temple, 12 Me. 214.

II. Appellant is not entitled to a consideration of his assignment of error on account of a refusal of the

State v. Henson.

trial court to grant a continuance. Nothing is preserved in the transcript concerning this assignment, except a record entry of the application and the overruling of same. This presents no mat-*ter subject to review. If the motion had been preserved under the general rule, the action of the trial court in overruling same would not have been disturbed unless there had been a showing of prejudice to the substantial rights of the appellant. We have uniformily so ruled, which is in accord with reason and has the sanction of the statute (Sec. 3996, R. S. 1919) which provides that "continuances may be granted to either party in criminal cases for good cause shown." Certainly in the absence of any showing to the contrary, the presumption must obtain that the discretion exercised by the trial court was proper. [State v. Belknap, 221 S. W. (Mo.) l. c. 44.]

**Continuance.**

III. A witness for the State, who had testified before the grand jury, manifested a hazy memory when examined at the trial. The trial court permitted the prosecuting attorney to withdraw the witness to refresh her memory as to her former testimony. This procedure is assigned as error. Subsequently, upon being re-examined, she testified as to certain admissions of guilt made to her by the appellant, and that she had so stated before the grand jury. The only ground of error alleged is as to the manner employed in refreshing the witness's memory. We held in State v. Patton, 255 Mo. 245, in an exhaustive review of this question by FARIS, J., that where a witness, who had been before the grand jury, appeared to be hostile, evasive or of hazy memory, it was permissible, in the manner there defined, to use his testimony taken before that body to refresh his memory. In that case, as in State v. Riles, 274 Mo. 618, the refreshing process was while the witnesses were on the stand. This course is more in accord with regular and orderly procedure than that pursued in the case at bar, and should be followed in the

**Refreshing Witness's Memory.**

exercise of that discretion with which trial courts are vested in the conduct of cases, unless a different procedure seems necessary; then, if there is an absence of any prejudicial effect, we will not interfere. There is nothing tending to show that the appellant was in any wise deprived of a fair trial by reason of the variance in the matter stated from the usual procedure. We, therefore, overrule this contention.

Supplemental to the foregoing is the contention that no one except the husband should have been present when the prosecuting attorney was refreshing the memory of the witness. In what manner this constituted prejudice is not stated. The contention is trivial.

IV. Appellant contends that he was surprised at the testimony of one of his witnesses, who stated that appellant had said to him that he intended to burn the school house. As a general rule surprise at evidence is not a ground for a new trial, and in the matter of the testimony of one's own witnesses, a new trial will not be authorized except upon a showing that the defendant could not have known what the testimony of the witness would be. There is nothing here to show that the appellant did not have this opportunity, and it was incumbent upon him to show this fact. He should, therefore, not be given a new trial on the ground of surprise arsing out of his own negligence. [Curry v. Commonwealth, 25 Ky. L. 281, 74 S. W. 1077; White v. State, 40 Tex. Cr. 366, 43 S. W. 512.]

Surprise.

However, if this contention was based upon facts which under the rule of procedure authorize either a continuance or the granting of a new trial, appellant is precluded from urging it here because on direct examination of his own witness he brought out the testimony upon which he now seeks to base his complaint of surprise; and when the State upon cross-examination showed by the same witness that it was the appellant who had made the threat or statement, no objection was inter-

posed thereto. [State v. Currier, 225 Mo. 1. c. 650.] This contention can not be made for the first time in a motion for a new trial.

Furthermore, if timely objection had been interposed, appellant should, at the time, have asked for a continuance. [State v. Whitsett, 232 Mo. 1. c. 525.] While the ground of surprise in the Whitsett case was on account of the testimony of a witness for the State, the rule there invoked will apply with equal force to the case at bar.

The rule is the same in civil as in criminal cases, as is well illustrated in Bragg v. Moberly, 17 Mo. App. 221, cited with approval in Byrd v. Vanderburgh, 168 Mo. App. 1. c. 120. In the Bragg case, PHILIPS, J., in his usual forceful manner, thus defines the duties of a party who assigns surprise as error: "If a party be surprised by an unforseen occurrence at the trial, he should make his misfortune known to the court instantly and ask for a reasonable postponement to enable him to produce the countervailing proof. If he can relieve himself from his embarrassment by any mode, either by a nonsuit or a continuance, or the introduction of other testimony, or otherwise, he must not take the chance of a verdict, but must at once fortify his position by resorting to all available modes of present relief."

V. Appellant contends that he should be granted a new trial on the ground of newly discovered evidence. This contention is made on an unsupported allegation in the motion for a new trial defining the character of the newly discovered evidence. This is not enough. We have repeatedly held that facts stated in a motion for a new trial do not prove themselves, however true they may be; and that they must be proved by affidavit or otherwise and the proof incorporated in the bill of exceptions or stated in the bill and certified to be true by the judge. [State v. Walker, 232 Mo. 252.] Not only is it required that the motion for a new trial on the ground of newly discovered evidence be supported by proof, but, as we

said in the Walker case, it is not sufficient that the affi-davit be made by the defendant, but under a long and well-settled rule, announced by this court, the affidavits of the witnesses, who it is alleged will testify to the new-ly discovered facts, must accompany the motion for a new trial. The procedure necessary to preserve for re-view the error here assigned not having been observed, the contention is not subject to review.

In addition, the effect of this newly discovered evi-dence, as disclosed by the statement of its nature, would have simply been to assail the credibility and impeach the character of appellant's own witness. [State v. Ar-nett, 210 S. W. (Mo.) 82; Sang v. St. Louis, 262 Mo. 464, 171 S. W. 347; State v. McKenzie, 177 Mo. 715.]

VI. The demurrers interposed to the testimony were properly overruled, there being substantial testi-mony to support the indictment. [State v. Conley, 217 S. W. (Mo.) 29; State v. Bidstrup, 237 Mo. 273; State v. Fields, 234 Mo. 615; State v. Sharp, 233 Mo. 269; State v. Cannon, 232 Mo. 205.]

*Demurrer.*

VII. There was no prejudicial error committed in the admission or rejection of testimony; and the instructions given follow well-estab-lished precedents applicable to a prose-cution under the statute in question.

*Evidence and Instructions.*

VIII. The remarks of the prosecuting attorney as-signed as error were not preserved in a man-ner to authorize our review of the same. There being no error authorizing a re-versal, the judgment of the trial court is affirmed. All concur.