**STATE of Missouri, Respondent,**

v.

**James H. SULLIVAN, Appellant.**

**No. 54764.**

Supreme Court of Missouri,
Division No. 1.

April 13, 1970.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

Floyd L. Sperry Jr., Clinton, for appellant.

SEILER, Presiding Judge.

Defendant appeals from a conviction of second degree burglary and stealing with a two year sentence on each, to be served consecutively.

R. O. Scott was a minister and merchant, living in Lowry City, Missouri. His house was on the edge of town. He left the house about 10 o'clock in the morning, July 25, 1968. He returned about 4:15 in the afternoon. When he drove up his lane he saw a pick-up truck parked near his front door. As he got closer he saw defendant on the front walk, about three feet or so from the porch door, with six boxes of shotgun shells on his left arm. Scott asked defendant what he was doing there. Defendant said he was a gunsmith, that his name was George Wilson, from Osceola, and that Scott had called him from the store to come out to the house and get some guns. Scott denied doing so and said he would telephone his store and see if anyone there had called. He went in the house to do this, but defendant went in with him, too. Scott was alone. He observed defendant was six feet, six inches tall, or so, and decided it would be better not to telephone. Defendant left the boxes of shells on the porch and he and his companions (a young woman and a young man, Edgar Mackey, in the pick-up truck) started to leave. As defendant was turning the truck around, Scott decided he would question him as to why he had his shells (Scott's hired hand had arrived in the meantime) and defendant answered, "I took the shells to try out the guns." After they departed, Scott checked the clothes closet in his bedroom where he kept the shells and his guns. Two rifles which were new and still in their cases and two shotguns were missing, although he conceded he did not remember when he had last noticed they were there.

As soon as Scott discovered the guns were missing, he telephoned the sheriff. Later in the afternoon, around 6:30 o'clock, the two cases or cartons in which the new guns were packed were found, empty, in the entrance to a field along a country road a few miles from the Scott house. The boxes were dry, although it had rained hard earlier in the day. Defendant and Mackey

were arrested a few days later, near Richmond, Missouri. The guns were not found.

When Scott had left home the morning mentioned, a couple who had been visiting Scott were at the house. They left sometime later that day, perhaps around 2:30 p. m. Scott did not know of his own personal knowledge how the doors were before he got home that afternoon. He testified, however, that the door on the porch was a self-closing door; that the door did not stay open; that it had a spring that pulls it shut and " * * * you open the door and it closes itself."

Defendant did not testify. He did present as a witness one of his companions, Edgar Mackey, who at the time was serving a sentence in connection with a plea of guilty to a burglary and stealing charge at the Scott residence. Mackey said that he had stolen the guns some three or four days earlier; that defendant had no part in this. Later, Mackey was trying to interest defendant in buying some stolen guns but defendant wanted to know whether the guns would work. Mackey said that the fellow from whom he stole them had some shells, they would just go out there, Mackey would get the shells, and then defendant could see if the guns would work. Mackey testified they all went to the house together; that he opened the door, went in the house into the bedroom and the closet, there got the shells, came outside with them and just about this time the owner, Scott, drove up.

■ On appeal defendant's contentions are that the court committed prejudicial error in permitting the owner, R. O. Scott, to be recalled, at which time Scott gave the testimony stated above about the door being a self-closing door with a spring on it. The state had not yet rested its case when Scott was recalled. This is a matter of trial procedure within the discretion of the court and would not, under the facts here, constitute any ground for a new trial, see State

v. Adams (Mo.Sup.) 380 S.W.2d 362 and State v. Jones (Mo.Sup.) 177 S.W. 366.

Defendant's other point is that the court erred in failing to dismiss the charge of burglary because there was no evidence of any breaking or forcible entry and no proof that the doors of the house were closed at the time of the purported burglary.

■ However, as said in State v. Rhodes (Mo.Sup.) 408 S.W.2d 68, 70, "Unlocking and opening a locked door, or pushing open a door which is shut but neither locked nor latched * * * or the opening of a closed door * * * is sufficient to render an entry thus effected burglary, if done with intent to commit burglary", and in State v. Fritz (Mo.Sup.) 379 S.W.2d 589, 590, "We have held that the opening of an unlocked door constitutes a forcible breaking within the meaning of second degree burglary statutes * * *" There is evidence here from which the jury could find that the door in question was closed when the house was entered. Scott testified that it had a spring on it which would cause the door to close after it had been opened; that it was a self-closing door. Defendant's witness, Mackey, while contending that he, instead of defendant, entered the house, said he entered by opening the door in question, which would indicate that it was closed immediately before the house was entered to get the shells. According to Scott's testimony, defendant admitted he had been in the house, although advancing an explanation which neither Scott nor the jury accepted. We hold there is sufficient evidence to show an entry through opening a closed door with intent to commit burglary, and that defendant was the one who entered.

This being the case there was no error in overruling the motion for acquittal and the court did not err in refusing to limit the main instruction to a proposition of whether or not defendant was guilty only of stealing with no charge submitted concerning second degree burglary. There was no evidence as to the value of the six boxes of

shotgun shells, but this would not be necessary where, as here, the stealing was in conjunction with the burglary.

The judgment is affirmed.

HOLMAN, J., and HENLEY, Alternate Judge, concur.