**STATE of Missouri, Respondent,**

v.

**Milton R. COUCH, Appellant.**

**No. 38684.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 18, 1978.

Motion for Rehearing and/or Transfer
Denied June 8, 1978.

Robert C. Babione, Public Defender, James W. Whitney, Jr., Joseph F. Beatty, Charles H. Mostov, Asst. Public Defenders, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Nells C. Moss, Jr., Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Defendant Milton Rene Couch has appealed his conviction for first degree murder for which he was sentenced to life imprisonment. The only issue is whether the state was erroneously allowed to impeach its own witness, or merely refreshed her recollection.

On the evening of May 2, 1976 defendant entered a cocktail lounge and repeatedly bumped into the victim, Charles Sylvester Adams, seated next to him at the bar. The victim asked defendant if he wanted his seat and defendant said no. Shortly thereafter defendant put his gun to the victim's head and shot him.

The issue on appeal arises from the trial court's ruling permitting the recall of prosecution witness Betty Tessy, a barmaid at the lounge. On direct examination she testified defendant had come into the lounge earlier in the day, ordered a drink, placed a pistol on the bar, and said he was looking for a man who had beaten his wife and her son. The state's attorney inquired further into her conversation with defendant.

"Q. And after he laid that gun up on the counter and said that, what you al-

ready related him saying, did he say anything further about the gun?

A. No, he didn't."

Following four similar exchanges during direct and redirect examination Miss Terry was excused and a recess declared.

Over defendant's objections the witness was then recalled and changed her testimony. The state's attorney again inquired whether defendant had said anything further about the gun. Miss Terry responded, "He said he's going to use it before the day was over." The state's attorney acknowledged he had spoken with the witness during the recess and asked her why she had not testified as she had previously told him she would.

Defendant contends the trial court erred in permitting the recall of Miss Terry because it was an attempt by the state to impeach its own witness; that the error was prejudicial in that it helped the state to prove an essential element of the offense charged.

■ This case presents a question of refreshment of memory rather than impeachment. As ruled in *Coats v. Old,* 237 Mo. App. 353, 167 S.W.2d 652[8] (1942): "It is competent to exhibit to a witness a statement made by her prior to her testimony at the trial, for the purpose of refreshing the witness' recollection, and such is not impeachment." See also *Voyles v. Columbia Terminals Co.,* 223 S.W.2d 870[6, 7] (Mo. App.1949), tersely holding: "Refreshing the recollection of a witness is not impeaching or contradicting him."

■ Applying this rule, we hold that the line between refreshment of memory and impeachment was not crossed. There was no attempt made to introduce a prior inconsistent statement by the witness. The cases cited by the defendant are therefore distinguishable, as they deal primarily with impeachment of a witness through prior inconsistent statements. The witness here simply forgot a portion of her testimony and subsequently had her memory refreshed by the state's attorney. "The refreshing of a witness' memory is a matter resting in the discretion of the trial court, whose rulings will not be disturbed in the absence of abuse of discretion." *Brown v. Chicago, R.I. & P. Ry. Co.,* 315 Mo. 409, 286 S.W. 45[3] (Mo.1926); and see *State v. Bradley,* 361 Mo. 267, 234 S.W.2d 556[10, 11] (1950). We find no abuse here.

■ We note however the procedural method of memory refreshment here was irregular. Generally, refreshment of memory while a witness is on a stand is more in accord with orderly procedure and should be followed in the exercise of the trial court's discretion. Nevertheless, we will not interfere if variance from usual procedure does not result in the deprivation of the right to a fair trial. *State v. Henson,* 290 Mo. 238, 234 S.W. 832[4] (1921). The availability of the witness for cross examination assured this fairness. In an analogous situation, it has been held a witness' memory can be refreshed during a noon recess which interrupted his direct testimony.

■ It is within the trial court's discretion to permit the state to recall a witness prior to resting its case. *State v. Sullivan,* 452 S.W.2d 802[1] (Mo.1970). Since the law encourages the correction of erroneous statements (*State v. Bojorquez,* 111 Ariz. 549, 535 P.2d 6[26–28] (Ariz.1975)), we hold the court did not err in permitting the recall of the witness to correct her testimony after her memory was refreshed.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.