**Milton R. COUCH, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 46565.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 20, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1984.

Joseph W. Downey, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant-defendant Milton Couch appeals the denial of his Rule 27.26 motion. He had been convicted of murder and sentenced to life in prison. Affirmed; *State v. Couch,* 567 S.W.2d 360 (Mo.App.1978).

The same court granted a hearing on this post-conviction motion. Thereby defendant alleged trial counsel was ineffective by failing to investigate the defense of mental illness and failing to adequately consult with him. Here the state contends the evidentiary hearing refutes defendant's contentions.

We have scanned the record and hold it does refute defendant's claims. In this we accept the motion-court's following conclusions of fact and law from its records.

On defense motion defendant had been examined at St. Vincent Hospital by a psychiatrist who concluded: Defendant's orientation was intact; there were no signs of thought disorder; there were neither hallucinations nor delusions; that the patient had no mental disorder. Defendant himself testified his hospitalization was the result of using drugs and alcohol; he did not inform his counsel of this examination until five weeks later. Defendant testified the examining doctor stated there was nothing to exclude liability for criminal conduct.

Thus, the record refutes defendant's contention his trial counsel was inadequate in not presenting the issue of mental illness.

Defendant's contention of inadequate trial consultation is based on the short tenure of his public defender trial counsel. This overlooks the fact that defendant had regularly met with his original trial counsel's predecessor also from the public defender's office.

The motion court ruled defendant had failed to meet his burden of showing counsel was inadequate, citing *Cox v. State,* 572 S.W.2d 631[3–4] (Mo.App.1978). It concluded defendant had drastically failed to show his trial counsel was ineffective by failure of some essential duty prejudicial to defendant.

We adopt the trial court's evidentiary and legal conclusion.

Affirmed.

KAROHL, P.J., and REINHARD and CRANDALL, JJ., concur.