[Civ. No. 860.    Second Appellate District.—July 9, 1910.]

In the Matter of the Application of MILLS SING for Writ of Prohibition

WRIT OF PROHIBITION — PETITION UNDER JUVENILE COURT LAW — PRELIMINARY EXAMINATION—PREMATURE ORDER — SURPLUSAGE — QUESTION OF JURISDICTION.—Where a petition for a writ of prohibition to restrain a judge of the superior court from proceeding with a threatened preliminary examination of the petitioner charged with the violation of section 26 of the juvenile court law of 1909 [Stats. 1909, p. 213], shows that the judge indorsed an order of commitment on an affidavit of complaint, sworn to before a deputy county clerk, before any preliminary examination, it is evident that the order so indorsed was premature and without authority, and may be disregarded in determining the alleged want of jurisdiction of the judge to proceed with the preliminary examination as a committing magistrate.

ID.—EXCLUSIVE JURISDICTION OF MISDEMEANORS UNDER LOS ANGELES CHARTER — JURISDICTION UNDER JUVENILE COURT LAW.—Although

the Los Angeles charter confers exclusive jurisdiction of all misde-
meanors committed within the city upon the police court and the city
justice's court, yet such exclusive jurisdiction was divested as to all
misdemeanors committed under the general juvenile court law, which
is applicable to the superior court of Los Angeles county and all
the superior courts in the state. It is immaterial, for the purposes
of this decision, whether the jurisdiction of the superior court of
Los Angeles county is exclusive or only concurrent as to misde-
meanors under that law committed in the city of Los Angeles.

ID.—JUVENILE COURT LAW CONSTITUTIONAL.—The juvenile act violates
no provision of the constitution. It is not a special act, affecting
the punishment of offenses or the practice of courts of justice, but
is a general law applicable to every county in the state, and to every
superior court therein. While the constitution confers jurisdiction
upon the superior court of all misdemeanors not otherwise provided
by law, yet we have here a case where such jurisdiction is expressly
conferred by a general law.

ID.—PRELIMINARY EXAMINATION REQUIRED FOR INFORMATION FOR MIS-
DEMEANOR UNDER JUVENILE ACT.—The juvenile act making the of-
fense charged a misdemeanor triable in the superior court, the pro-
visions of the Penal Code applicable to information, and to a pre-
liminary examination and commitment therefor, are conditions
precedent to an information upon which only can the superior court
proceed thereby to try one charged with a public offense, even
though it be a misdemeanor of which it has jurisdiction.

ID.—DUTY OF JUDGE SITTING AS MAGISTRATE AS TO OATHS.—Although
the complaint which institutes a criminal proceeding need not be
verified, yet if properly verified, and containing positive evidence of
facts tending to show guilt, it may be treated by the magistrate as
a deposition; yet a superior judge sitting as a magistrate must ad-
minister all oaths as such, and has no right to call in a clerk or any
other officer to administer oaths. He sits as a creature of the stat-
ute, with such powers only as are conferred upon justices of the
peace or police judges.

ID.—COMPLAINT VERIFIED BEFORE DEPUTY CLERK INEFFECTIVE.—A com-
plaint verified before a deputy county clerk is ineffective, either as
a deposition upon a preliminary hearing, or as a deposition author-
izing the issue of the warrant of arrest.

ID.—ARREST IN FACT—ILLEGAL RESTRAINT NOT INVOLVED IN PROHIBI-
TION AGAINST PRELIMINARY EXAMINATION. — When the arrest has
been actually made, and the petitioner for the writ of prohibition
is before the judge for preliminary examination, no question of
illegal restraint is involved in his petition, and the only question to
be determined is whether the judge conducting such examination can
be prohibited therefrom.

ID.—AUTHORITY OF JUDGE OF SUPERIOR COURT AS MAGISTRATE.—When
the prisoner arrested is before the judge of a court having jurisdic-
13 Cal. App.—47

tion as a magistrate to hold a preliminary examination, he may proceed to hold the same, and if a commitment issue, a foundation is laid for an information which cannot be set aside because the depositions were insufficient to warrant the arrest.

ID.—INSUFFICIENT PETITION FOR PROHIBITION.—*Held,* that the petition presents no facts sufficient to authorize this court to prohibit the preliminary examination of the defendant before the judge of the superior court sitting as a magistrate under the juvenile act.

APPLICATION for writ of prohibition to a judge of the Superior Court of Los Angeles County, sitting as a committing magistrate of the juvenile court.

The facts are stated in the opinion of the court.

George L. McKeeby, and Paul W. Schenck, for Petitioner.

Curtis D. Wilbur, George Beebe, and J. D. Fredericks, for Respondent.

THE COURT.—The petitioner represents that heretofore an affidavit was signed by one McLaughlin before a deputy county clerk of Los Angeles county charging petitioner with a violation of section 26 of the act known as the juvenile court law (Laws 1909, p. 213); that thereafter the probation officer of the juvenile court arrested petitioner and he was taken before respondent, a judge of the superior court of said county; that said judge then and there set the cause for preliminary hearing and examination before himself sitting as a committing magistrate, said examination to be had at 9 o'clock A. M. of the first day of June, 1910; that objection being made to the jurisdiction of respondent to conduct such preliminary examination, respondent continued the hearing thereof until the second day of June, at 9 o'clock A. M., for the purpose of hearing evidence and taking testimony; that notwithstanding such continuance, the respondent, on the first day of June, made and indorsed on the affidavit of complaint an order in conformity to section 872 of the Penal Code. It is averred that this order was made and entered by the court without hearing any evidence or taking any testimony. It is further averred that respondent threatens to hold a preliminary examination on the second day of June, that respondent is without jurisdiction to hold

such preliminary examination, the petitioner has no plain, speedy and adequate remedy in the usual course of law, and asks that the respondent be prohibited from sitting as a magistrate and conducting the preliminary examination of petitioner "upon the said instrument designated 'Complaint —Criminal' on file in said court."

Respondent demurs to the petition as being insufficient to authorize the issuance of the writ, and at the same time a motion was made to strike out of the application that portion thereof which contained the order indorsed upon the affidavit of complaint, for the reason that the same was indorsed thereon through inadvertence, and the record shows that such preliminary examination has not been held. We are of opinion that it is so evident from the petition that the order of commitment was prematurely entered, and without authority, that it need not be considered. The fact that the preliminary examination is threatened, and that the order of commitment could only be entered after such a preliminary examination, sufficiently demonstrates its premature character, and that its entry is not of serious consequence in the consideration of the questions presented upon this application.

It is contended by petitioner, the offense being a misdemeanor, that the police court and the city justice's court of Los Angeles city have exclusive jurisdiction. (Stats. 1901, p. 95.) The exclusive jurisdiction of misdemeanors committed within the city was by said act conferred upon such courts, but the juvenile court act (Stats. 1909, p. 213) divested such city courts of exclusive jurisdiction in misdemeanor cases of the class under consideration and conferred jurisdiction upon the superior court. Whether this jurisdiction so conferred upon the superior court is exclusive in such cases or concurrent is not material for the purposes of this decision.

It is next contended that the juvenile act violates those provisions of the constitution which prohibits special or local laws as affecting jurisdiction of justices of the peace, or the punishment of criminal offenses, or the practice of courts of justice. This criticism is fully answered by the statement that such act is general in its nature, applying to every county in the state and to every superior court therein. In addition to this, the constitution confers upon the superior

court jurisdiction in all misdemeanors not otherwise provided for by law; and here we have a case where such jurisdiction is expressly conferred by a general law.

Next it is claimed that the law contemplates no preliminary examinations in misdemeanor cases. The juvenile act making the offense under consideration triable in the superior court, section 888 of the Penal Code applies, which provides that all public offenses triable in the superior court must be prosecuted by indictment or information, except as to accusations for the removal of certain officers. Section 809 of the Penal Code directs the filing of an information after commitment by a magistrate, and section 950, Penal Code, specifies what such information must contain. It follows, therefore, that the preliminary examination and commitment are precedent conditions to the information upon which, and upon which only, can the superior court proceed to try one charged with a public offense, even though it be a misdemeanor.

It is finally contended that the court is without jurisdiction to conduct the preliminary examination threatened because the complaint was verified before a deputy county clerk, and not before the magistrate. The complaint which initiates a criminal proceeding need not be verified. (Pen. Code, sec. 806.) If verified, however, and containing positive evidence of facts tending to show guilt, the same may be treated by the magistrate as the deposition required by section 812 of the Penal Code. (*Ex parte Dimmig*, 74 Cal. 166, [15 Pac. 619].) Such depositions, however, must be taken by the magistrate, as must all preliminary evidence introduced tending to show the commission of an offense, and that there is reasonable ground to believe the defendant has committed it. A superior judge assuming the duties of a magistrate has no right to call in the clerk or any other officer to administer oaths. He sits as a creature of the statute, with such powers only as are conferred upon justices of the peace or police judges. (*People* v. *Cohen*, 118 Cal. 78, [50 Pac. 20].) It must be held, therefore, that the complaint verified before a deputy clerk cannot be used as a deposition upon a preliminary hearing; nor was it a deposition authorizing the issue of the warrant of arrest. The arrest, however, was made, and the petitioner is before the court for examination. No question of illegal restraint is here involved. We are

called upon to determine only whether, having petitioner before him under a complaint in writing, the respondent can be prohibited from conducting the preliminary examination. The complaint and the depositions are only intended as a basis for the warrant of arrest. When the arrest has been actually made and the prisoner is before a court having jurisdiction as a magistrate to hold a preliminary examination, such magistrate may proceed to a preliminary examination, and, if commitment issue, a foundation is laid for the filing of an information, and the same cannot be set aside because the depositions were insufficient to warrant the arrest. (*People v. Lee Look*, 143 Cal. 220, [76 Pac. 228].)

We are of opinion, therefore, that the petition herein does not state facts sufficient to authorize the issuance of the writ of prohibition.

Writ denied.