[Civ. No. 158. Fourth Appellate District.—March 3, 1930.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY et al., Respondents.

George H. Johnson, District Attorney, and James L. King, Deputy District Attorney, for Petitioner.

Duckworth & Harrison for Respondents.

BARNARD, J.—This is an application for a writ of mandate, seeking to compel the respondents to accept jurisdiction in certain cases where the defendants have been arraigned in the Superior Court, sitting as a Juvenile Court, and have entered a plea of "not guilty" to a charge of violation of section 21 of the Juvenile Court Law.

The petition alleges that a criminal complaint was filed in the Justice's Court of Ontario township, in the county of San Bernardino, this being a township wherein the population is less than thirty thousand, by which complaint a certain named defendant was charged with the crime of contributing to the delinquency of a minor, a misdemeanor, as provided by section 21 of the Juvenile Court Law (Gen. Laws of Cal., 1923, at p. 1568), which offense was alleged to have been committed within the boundaries of that township. It is then alleged that after a preliminary hearing, the defendant was held to answer upon said charge by a commitment issued by said Justice's Court; that thereafter an information was filed in the Superior Court of said county, sitting as a Juvenile Court, charging said defendant with said offense; that thereafter said defendant appeared before said Superior Court, sitting as a Juvenile Court, the Honorable Benjamin F. Warmer presiding, and after being arraigned, entered a plea of "not guilty." That thereafter the district attorney requested that the matter be set down for trial and be tried in said Superior Court, sitting as a Juvenile Court. This motion was denied upon the ground that this court was without jurisdiction to proceed further. Thereupon the district attorney moved that the said court transfer or certify the case to the Superior Court for trial, or for further proceedings. This motion was also denied, upon the ground that said court was without jurisdiction to take any further proceedings in the case. The petition further alleges a similar state of facts with reference to another defendant, also charged with a violation of the same section of the Juvenile Court Act, the only difference being that the Justice's Court of the township of San Bernardino, which township has a population in excess of thirty thousand, refused to accept jurisdiction to try the case, and thereafter held a preliminary hearing and issued a commitment which was followed by an infor-

mation filed in the Juvenile Court. The petition also sets forth a similar state of facts in still another case, in which the defendant was held to answer by the Justice's Court of the township of San Bernardino, but in which the information was filed directly in the Superior Court of said county, and not in the juvenile department thereof. Thereafter the defendant entered a plea of "not guilty" in said Superior Court, and the court refused to set the case for trial, but transferred said case to the juvenile department of said court. Thereupon the defendant was again arraigned in said Juvenile Court, and having again entered a plea of "not guilty," said Juvenile Court refused to set said case for trial and also refused to certify or transfer the same back to the Superior Court. The petition sets forth that the Justice's Court of San Bernardino township, the Superior Court of San Bernardino County and the Superior Court of said county sitting as a Juvenile Court, have refused, and do now refuse, to accept and entertain jurisdiction in any of said cases.

The only · question presented is what court, if any, has jurisdiction to hear and try a case, after a plea of "not guilty" to a charge. of violating the provisions of section 21 of the Juvenile Court Law of the state of California has been entered in the Juvenile Court.

Section 21 of the Juvenile Court Law reads as follows: "Any person who shall commit any act or omit the performance of any duty, which act or omission causes or tends to cause or encourage any person under the age of twenty-one years to come within the provisions of any of subdivisions one to thirteen inclusive of section one of this act, or which act or omission contributes thereto, or any person who shall, by any act or omission, or by threats, or commands, or persuasion, induce or endeavor to induce any such person, under the age of twenty-one years, to do or to perform any act or to follow any course of conduct, or to so live as would cause or manifestly tend to cause any such person to become or to remain a person coming within the provisions of any of subdivisions one to thirteen, inclusive, of section 1 of this act, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not exceeding one thousand dollars, or by imprisonment in the county jail for not more than two years,

or by both such fine and imprisonment, or may be released on probation for a period not exceeding five years; and the superior court, sitting as a juvenile court, shall have original jurisdiction over all such misdemeanors. The said court shall in all prosecutions under this section, cause the defendant to be duly arraigned and plead to the charge made against him in the manner provided in the Penal Code of the state of California upon an indictment or information; and the said court shall also have jurisdiction in all cases where the defendant prosecuted under this section shall enter a plea of guilty to impose sentence or in its discretion to grant probation upon such terms as it may deem proper. The court may also, as a condition of such probation, require a bond in such sum as the court may designate to be approved by the judge requiring the same, to secure the performance by such person of the condition imposed by the court on such probation. Such bond shall by its terms be made payable to the state of California and any moneys received for the breach thereof shall be paid into the county treasury.''

While the Juvenile Court Law has been before the courts a number of times, the question here involved has not been directly passed upon. The question seems to have now arisen, in connection with the uncertainty that has followed recent changes in the jurisdiction of Justices' Courts in criminal matters. ▪ It is apparent, however, that under the provisions of section 1425 of the Penal Code, as amended in 1929, no jurisdiction is conferred upon the Justice's Court to try such cases as those here involved. Under this section this class of cases is particularly excluded from the jurisdiction of Justices' Courts in places having a population of 30,000 or more. And in places having a less population the jurisdiction of such courts is limited to cases in which the term of imprisonment does not exceed six months.

▪ Section 21 of the Juvenile Court Law, after providing that the Superior Court, sitting as a Juvenile Court, shall have original jurisdiction over all such misdemeanors, goes on to provide that said court shall cause the defendant to be arraigned, and to plead in the manner provided upon indictment or information, and then provides that said court shall *also* have jurisdiction to impose a penalty, where the defendant enters a plea of ''guilty.'' There is, however,

no procedure provided, and no jurisdiction given where the defendant, at this stage of the proceedings, enters a plea of "not guilty." Jurisdiction is the power to hear and determine a case. (*Bennett* v. *Wilson*, 133 Cal. 379 [85 Am. St. Rep. 207, 65 Pac. 880].) A court acting under special powers has only the jurisdiction especially delegated. While original jurisdiction is given to the Juvenile Court, the same section, by providing the procedure up to the time of plea, and then specifically giving additional jurisdiction in the event a plea of "guilty" is entered, has so limited the jurisdiction of the Juvenile Court that it may not proceed to try a defendant who has thus pleaded "not guilty."

Where a plea of "not guilty" has thus been entered in the Juvenile Court, it does not follow that all proceedings must close and the defendant be freed, for such a construction would nullify the penalty provisions of section 21 of the Juvenile Court Act. In the construction of a statute "all its provisions must be considered together; they must be reconciled as far as possible, and particular provisions must be so construed as to promote and not to defeat the general purposes and policy of the law." (*Welch* v. *Williams*, 96 Cal. 365 [31 Pac. 222].) It must not be forgotten that the Juvenile Court is the Superior Court acting in a particular class of offenses. (*Edington* v. *Superior Court*, 18 Cal. App. 739 [124 Pac. 450, 128 Pac. 338]; *Nicholl* v. *Koster*, 157 Cal. 416 [108 Pac. 302, 303]; *People* v. *Budd*, 24 Cal. App. 176 [140 Pac. 714].) The misdemeanor in question has been created by section 21 of the Juvenile Court Law. Section 5 of article VI of the Constitution of California provides that the Superior Court shall have jurisdiction in all cases of misdemeanor, not otherwise provided for. If the jurisdiction of this misdemeanor, after a plea of "not guilty" in the Juvenile Court, is not given to the Superior Court in section 21 of the Juvenile Court Law, it is not provided for, and under the constitutional provision, jurisdiction is in the Superior Court. It has been frequently held that the Superior Court has jurisdiction over this class of cases. (*In re Sing*, 13 Cal. App. 736 [110 Pac. 693]; *Edington* v. *Superior Court, supra; Nicholl* v. *Koster, supra; People* v. *Budd, supra.*) It has also been held that such a case being triable in the Superior Court, section 888 of the Penal Code is appli-

cable, and proceedings in the Superior Court must be based upon an information or an indictment. (*In re Sing, supra; Gardner* v. *Superior Court,* 19 Cal. App. 548 [126 Pac. 501].) While it has been held that the judge of the Juvenile Court may sit as a committing magistrate (*In re Sing, supra; People* v. *Cohen,* 118 Cal. 74 [50 Pac. 20]; *People* v. *Smith,* 189 Cal. 31 [207 Pac. 518]), all that is required is a preliminary hearing before some magistrate, in order that an information may be filed in accordance with section 888 of the Penal Code. It has also been held that where a good information has been filed the Superior Court has jurisdiction. (*People* v. *De Leon,* 35 Cal. App. 467 [170 Pac. 173]; *People* v. *Young,* 44 Cal. App. 279 [186 Pac. 383]; *People* v. *Cohen,* 62 Cal. App. 521 [217 Pac. 78]; *People* v. *McDougal,* 74 Cal. App. 666 [241 Pac. 598].) The Juvenile Court is itself a Superior Court, although acting in a particular class of cases, and has an inherent power to transfer a case to another department of the same court, where the limits of its special powers are reached. In the instant cases, the record shows that preliminary hearings had been held and the defendants held to answer and informations filed. It then became the duty of the judge of the Juvenile Court to arraign the defendants, and in these particular cases the plea of "not guilty" having been entered, it was the duty of the judge of the Juvenile Court to transfer the cases to the Superior Court for trial.

That the actual trial of a person charged with a violation of section 21 of the Juvenile Court Act, after a plea of not guilty, should be had in the Superior Court rather than in the Juvenile Court, is in harmony with the whole spirit and purpose of the Juvenile Court Law, and the system and procedure based upon it. As the court said in *Nicholl* v. *Koster, supra,* "The main purpose of the act is to provide for the care and custody of children who have shown, or who from lack of care are likely to develop, criminal tendencies, in order to have them trained to good habits and correct principles." To this end, and with this purpose in mind, the Juvenile Court has appropriately been given an original jurisdiction over cases wherein the defendant is charged with an offense, the very essence of which is a violation not only of the statute, but of the very principles and purposes forming the foundation of the entire act. On the

other hand, while jurisdiction may well be given the Juvenile Court in a case so closely related to its own particular work, to punish, or to release on probation, upon suitable terms, one who admits his wrong and takes the first step toward retribution and reformation by pleading guilty, where a defendant pleads not guilty, and must be tried by a jury, this trial should take place in a more appropriate forum. From its very nature, and because of necessary qualification for doing the work for which it is intended, the Juvenile Court is not designed as a trial court in the ordinary sense. Not only is its purpose more reformative than punitive, but its method of operation is very different from that of a criminal court. Technicalities and formalities are largely done away with, and its simple procedure is designed to gain the confidence of those coming within its operations, and to enable the judge thereof to best guide and control its wards, with more consideration for their future development than for their past shortcomings. The circumstances attendant upon contested jury trials are not only out of place there, but might have an injurious effect, not only upon the methods, but upon the atmosphere and confidence that have been built up around the work of the Juvenile Court, and which are so largely responsible for its success. We think the general aim and purpose of the Juvenile Court Act should be kept in mind in interpreting the section under consideration, and that these furnish an additional reason for the construction herein placed upon it.

Let a writ of mandate issue out of this court, directed to said Superior Court, and to said judge thereof, directing said judge to transfer the cases mentioned to the Superior Court of said county, and directing said Superior Court to accept jurisdiction thereof, and to hear, determine and render judgment in the same.

Sloane, P. J., and Marks, J., concurred.